UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN BALDONI, <br>     PLAINTIFF | :    CIVIL ACTION NO. |
| v. | : |
| THE CITY OF MIDDLETOWN, <br> CHIEF OF POLICE, J. EDWARD BRYMER, <br> AND DOMENIQUE S. THORTON, <br>     DEFENDANTS | : <br> : <br> :    FEBRUARY 19, 2004 |

## AMENDED COMPLAINT

### I.  PRELIMINARY STATEMENT

This action is brought by the plaintiff against the defendants, who acting under color of state law, charter, ordinance, regulation, custom or usage, have unlawfully violated the plaintiff's civil rights by intentionally discriminating against the plaintiff based on her gender and retaliating against her for previous complaints of harassment.

### II.  NATURE OF ACTION

This action arises under Title 42 U.S.C. §§ 1983 and 1988; Connecticut General Statutes; and state common law claims of intentional infliction of emotional distress and negligent infliction of emotional distress. The Plaintiff further brings this action under the Fourteenth Amendment, the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("hereinafter Title VII"), the Civil Rights Act of 1991, and Connecticut General Statutes (hereinafter "C.G.S.A.") 46a-58, 46a-60(a)(1), 46a-60(a)(8), for sexual harassment and retaliation by the defendants.

### III. JURISDICTION

Jurisdiction of this action is conferred upon the court the by the 28 U.S.C. § 1331, § 1343, § 2201 and § 2202, and the aforementioned statutory provisions. Plaintiff further invokes the pendent jurisdiction of this court to hear and decide claims arising under state law. The amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), excluding interests and costs.

**FIRST COUNT:** **Violation of Title VII (Sexual Discrimination) as to defendant, the City of Middletown**

1. At all times relevant to this complaint, the plaintiff, LYNN M. BALDONI, was a female and a resident of the state of Connecticut.

2. Defendant, THE CITY OF MIDDLETOWN, is a municipal corporation duly recognized by the State of Connecticut.

3. Defendant, DOMENIQUE S. THORTON, is the Mayor of Middletown and is sued in his individual and official capacity.

4. Defendant, J. EDWARD BRYMER, is the Chief of Police of Middletown and is sued in his individual and official capacity.

5. The plaintiff was discriminated against because of her gender (female).

6. At all relevant times, defendant, the City of Middletown, was an "employer" as defined by Section 701(b) of Title VII, and thus covered by and subject to Title VII.

7. In October, 1983, the plaintiff was hired by the City of Middletown Police Department as a Police Officer.

8. In July, 1992, the plaintiff was promoted to the rank of Sergeant and worked in that capacity until March, 1995, when she was promoted to the rank of Lieutenant.

9. In June, 1999, the plaintiff was promoted to the rank of Captain and was assigned to be the Division Commander of Investigative Services.

10. The plaintiff is currently the only female above the rank of Sergeant in the Middletown Police Department.

11. On October 18, 1993, the plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities against the City of Middletown Police Department for sexual harassment.

12. On December 3, 1996, the plaintiff filed an internal hostile work environment complaint with

    Chief George Aylward.

13. On May 2, 1997, the plaintiff filed an internal harassment complaint with the Middletown Police Department which was ultimately investigated by the Human Relations Department.

14. Upon the plaintiff's promotion to the rank of Captain in May, 1999, she was assigned a vehicle to take home, as were the other two Captains, pursuant to an agreement between the Police Union and the City of Middletown.

15. In September, 2000, Captain Lang retired from service making the plaintiff the most senior Captain in the Department and creating a vacancy for the rank of Captain.

16. Until October, 2000, the command staff at the Middletown Police Department consisted of one Chief, one Deputy Chief, and three Captains.

17. On or about October 2, 2000, a Town Council meeting was held in which it was decided that a fourth Captain's position would be added to the department. This would enable a Captain to oversee the Professional Standards Division.

18. Mayor Domenique S. Thorton has final authority over hiring and promotions within the Middletown Police Department.

19. On or about October 3, 2000, an article appeared in the Hartford Courant which stated that "police sources" said the plaintiff was being transferred to the Professional Standards Division and Captain Barrow was being transferred to the Investigative Services Division.

20. The plaintiff only learned of the transfer after one of her subordinates read the newspaper article to her.

21. On or about October 3, 2000, the plaintiff left a voice mail message with Chief Brymer requesting to speak with him about the newspaper article.

22. On October 3, 2000, Chief Brymer confirmed that the plaintiff was being transferred to the Professional Standards Division, which, under the supervision of Chief Brymer, is perceived as being less prestigious than the other divisions.

23. On or about October 10, 2000, the plaintiff was informed by Chief Brymer that she was no longer entitled to a take-home car because they were issued by assignment, not by rank and that she should turn over her vehicle to Captain Barrow.

24. Chief Brymer informed the plaintiff that he did not have a copy of the take-home car agreement.

25. On October 12, 2000, the plaintiff requested a copy of the take-home car agreement from the Union.

26. The Union failed to supply the plaintiff with the requested copy of the take-home car agreement until after November 6, 2000, when the Union and Chief Brymer negotiated a new take-home car agreement under which three of the four division commanders are

entitled to a take-home car.

27. The Chief, Deputy Chief and the three junior Captains all have take-home cars. The plaintiff is the only Captain in the command staff not to have a take-home car.

28. There are four Captains, including the plaintiff, the plaintiff is the only female Captain.

29. On or about March 27, 2001, Chief Brymer held a meeting of his command staff and the plaintiff was specifically excluded.

30. On December 9, 2002, the Police Department posted the position for Deputy Chief, for which the plaintiff applied.

31. On March 27, 2003, the plaintiff interviewed with the Chief for the Deputy Chief position.

32. The plaintiff subsequently interviewed with the Mayor for the Deputy Chief position.

33. On June 9, 2003, the position of Deputy Chief was given to Captain Pessina.

34. The plaintiff had higher seniority than Captain Pessina, was more qualified and the denial of the promotion of the plaintiff to Deputy Chief was a violation of the City's affirmative action policy.

35. The plaintiff has been subjected to an ongoing hostile work environment which includes continued discrimination, intimidation and retaliation against her because of her sex, and for her filing of harassment complaints in 1993 and 1997.

36. Plaintiff has suffered and will continue to suffer irreparable injury caused by defendants' illegal conduct.

37. This discriminatory treatment of plaintiff was because of her sex, is in violation of Title VII.

38. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII (42 U.S.C.A. 2000e-5), in particular:

   a. Plaintiff filed a timely written charge of sex discrimination with the Connecticut Human Rights and Opportunities Commission (hereinafter "CHRO") on April 11, 2001.

   b. Plaintiff filed a timely written charge of sex discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on August 6, 2001.

   c. Plaintiff received a "Notice of Right to Sue" from the EEOC on October 15, 2001.

   d. Plaintiff received a "Release of Jurisdiction" from the CHRO on July 13, 2001.

**SECOND COUNT:** **Violation of Title VII (retaliation) as to the Defendant, The City of Hartford**

1-38. Paragraphs 1-38 of the First Count are incorporated herein and made paragraphs 1-38 of this Count.

39. The plaintiff was discriminated against in retaliation for her filing of CHRO complaints in opposition to sexual harassment.

40. The plaintiff was discriminated and retaliated against for filing the present lawsuit in that she was denied the promotion to Deputy Cheif.

**THIRD COUNT:** **Violation of 46a-60(a)(1) Sexual Discrimination as to all the Defendants.**

1-38. Paragraphs 1-38 of the First Count are incorporated herein and made paragraphs 1-38 of this Count.

39.  Plaintiff invokes this court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate claims arising out of the transactions set forth above that violate rights and duties established by the law of the State of Connecticut, to wit CTFEPA: C.G.S. Section 46a-60(a)(1), 46a-58, 46a-60(a)(1), 46a-60(a)(5), 46a-60(a)(6)

**FOURTH ONE:**    **Violation of 42 U.S.C. § , 1983, First Amendment Retaliation as to all Defendants**

1-38.  Paragraphs 1 through 38 of the First Count are incorporated herein as Paragraphs 1 through 38 of this the Fourth Count.

39.  The plaintiff has a First Amendment right to file grievances against her employer for sexual harassment and discrimination.

40.  The actions against the plaintiff by the defendants were in retaliation for the plaintiff's grievances filed with the CHRO.

41.  The plaintiff's grievances were a substantial factor behind the defendants' motivations to punish the plaintiff.

42.  The plaintiff was discriminated and retaliated against for filing the present lawsuit in that she was denied the promotion to Deputy Cheif.

43.  The Defendants' actions were willful, intentional and done in spite of their actual knowledge or reckless disregard of plaintiff's Constitutional rights.

44.  Plaintiff is suffering irreparable injury to her aforesaid rights by reason of said facts. Plaintiff has no adequate remedy to redress these wrongs other than by this suit.

45.  Plaintiff has been forced by the defendants' actions to undergo the expense of employing counsel to vindicate his Constitutional and other civil rights.

46. Defendants are not privileged in their actions by either qualified or absolute immunity.

**FIFTH COUNT:** **Violations of Fourteenth Amendment Equal Protection of the Law as to All of the Defendants.**

1-38. Paragraphs 1 through 38 of the First Count are incorporated herein as Paragraphs 1 through 38 of this the Fifth Count.

39. The acts of the individual Defendants, under color of law, by virtue of their authority as police supervisors and officials of the City of Middletown, herein alleged constitute a denial to the Plaintiff of the equal protection of the laws guaranteed to her by the Fourteenth Amendment to the United States Constitution.

40. The plaintiff, as a female, has been treated differently than those similarly situated by the defendants, in that she is the only female Captain out of four Captains and she is the only Captain who does not have a take home vehicle.

41. Defendants have not expressed any legitimate reason for singling out and discriminating against the Plaintiff.

**SIXTH COUNT:** **Intentional Infliction of Emotional Distress as to All the Defendants.**

1. The preceding Fifth Counts are incorporated into this Sixth count.

2. Plaintiff invokes this Court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate claims arising out of the transactions set forth above that violate rights and duties established by the common law of the State of Connecticut.

3. The defendants knew or should have know that his actions would cause extreme emotional harm to the plaintiff.

4. The individual Defendants, and/or others, each and all of them, intended to inflict severe emotional distress upon the Plaintiff, and knew or should have known at all times that their acts and/or omissions as alleged herein would result in severe emotional distress to the Plaintiff. The defendants' actions were calculated to cause extreme emotional harm.

5. The acts and/or omissions of the individual Defendants, each and all of them, were extreme and outrageous.

6. As a direct and proximate result of said acts and/or omissions, the Plaintiff suffered severe emotional distress

7. The plaintiff claims damages.

**WHEREFORE**, plaintiff prays for the following:

a. Money damages;

b. Defendants be permanently enjoined from discriminating against plaintiff on any basis forbidden by Title VII and Connecticut General Statutes § 46a-60 et. seq.;

c. Immediate injunctive relief pursuant to the aforementioned jurisdictional statutes and constitutional protection, to provide the plaintiff with a take-home car;

d. Plaintiff prays for an award to compensate her for the pain and suffering caused by defendants' unlawful treatment in violation of Title VII and CGSA 46a-60;

e. Plaintiff prays for an award of punitive damages in accordance with Title VII, and reasonable attorney's fees as provided in Section 706(k) of Title VII (42 U.S.C.A. 2000e-5(k)).

f. Plaintiff prays for compensatory damages and attorney's fees for her state common law claims;

g. The court grant such additional equitable and legal relief as is proper and just;

h. Plaintiff demands a trial by jury.

THE PLAINTIFF
LYNN BALDONI

BY: _____
Erin I. O'Neil
Brewer & O'Neil
Federal Bar #ct 23073
818 Farmington Avenue
West Hartford, CT 06119
(860)523-4055

## **CERTIFICATION**

This is to certify that the foregoing was mailed postage prepaid to all counsel and pro se parties of record on February 19, 2004.

James M. Sconzo, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Trina Solecki, Esq.
City Attorney
City of Middletown
P O Box 1300
245 DeKoven Street
Middetown, CT 06457

_____
Erin I. O'Neil