# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN BALDONI; : | |
|     Plaintiff : | CIVIL ACTION NO. |
| : | 3:01CV2205 (PCD) |
| VS. : | |
| : | |
| THE CITY OF MIDDLETOWN; : | |
| J. EDWARD BRYMER; : | |
| DOMENIQUE S. THORNTON; : | |
|     Defendants : | MARCH 1, 2004 |

## OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 7, the defendants hereby object to the plaintiff's last minute Motion for Leave to Amend Complaint dated February 19, 2004. For the following reasons, the plaintiff's motion should be denied.

### I.   BACKGROUND

The plaintiff is a Captain with the City of Middletown Police Department (the "Department"). (See Complaint, First Count, ¶ 9.) The defendant Thornton is the Mayor of the defendant City of Middletown (the "City"), and the defendant Brymer is the City's Chief of Police. (Complaint, First Count, ¶¶ 3,4.) The plaintiff alleges that she was

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

wrongfully transferred to another unit within the Department in 2000, and was wrongfully denied the use of a "take-home car." (See Complaint, First Count, ¶¶ 1 - 30.)

The plaintiff filed a Complaint dated November 27, 2001 alleging that these acts constituted gender discrimination and retaliation for making previous complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, et seq. ("CFEPA"). (Complaint, First, Second and Third Counts.) The plaintiff also asserts claims for retaliation in violation of the First Amendment and the Equal Protection clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. (Complaint, Fourth and Fifth Counts, respectively.) Further, the plaintiff brings claims of negligent and intentional infliction of emotional distress. (Complaint, Sixth and Seventh Counts, respectively.) The defendants vigorously dispute the plaintiff's allegations.

In her Motion for Leave to Amend Complaint dated February 19, 2004, the plaintiff seeks to amend her Complaint to add new allegations, which constitute an entirely new cause of action or claim. The plaintiff's proposed Amended Complaint adds new claims related to her failure to be promoted to Deputy Chief in 2003. (Amended Complaint, First Count, ¶¶ 30-34.) The plaintiff alleges that she was "discriminated and retaliated against for filing the present lawsuit in that she was denied the promotion to Deputy Chief." (Amended Complaint, Second Count,[1] ¶ 40, Fourth

---

[1] This Count is incorrectly titled "Violation of Title VII (retaliation) as to Defendant, The City of Hartford." Of course, the City of Hartford is not a party to this suit.

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Count, ¶ 42.) The Amended Complaint also removes the plaintiff's negligent infliction of emotional distress claim.[2]

## II. ARGUMENT

### A. Standard

The grant of an opportunity to amend is within the discretion of the trial court. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). It is true that amendments are freely given under Federal Rule of Civil Procedure 15(a). However, the court must examine the circumstances surrounding the request for leave to amend in determining whether to grant leave. "Considerations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's authority to deny leave to amend." Krumme v. Westpoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1998) (citing Barrows v. Forest Laboratories, 742 F.2d 54, 58 (2d Cir. 1984)). Further, where a proposed amendment fails to state a claim, amendment would be futile, and leave to amend should be denied. Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir.1990).

### B. The Plaintiff's Proposed Amendment Should Be Denied Because The Defendants Will Be Unduly Prejudiced.

In this case, jury selection is scheduled to begin this week, on March 3, 2004. As such, the defendants lack adequate time to investigate and prepare to defend against

---

[2] The Amended Complaint still states in the "Nature of Action" section that a state law negligent infliction of emotional distress claim is included. However, the count itself has been removed.

- 3 –



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the plaintiff's new claim.  Granting of the plaintiff's Motion for Leave to Amend Complaint would result in prejudice to the defendants, and should therefore be denied.

The Second Circuit has held that a proposed amendment is properly denied where a "case was near resolution and discovery had been completed." Krumme, 143 F.3d at 88 (citing Ansam Associates v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)); O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 70 (2d Cir. 2002).  "Additional discovery or preparation required by the belated addition of new claims is a recognized source of prejudice justifying denial of a motion to amend." Smith v. City of New York 611 F.Supp. 1080, 1093 (D.C.N.Y.,1985)(citing Mende v. Dun & Bradstreet, Inc., 670 F.2d 129, 131 (9th Cir.1982).  In determining what constitutes "prejudice," [the Second Circuit] consider[s] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993).  "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir.1983).

In this case, the defendants would be severely prejudiced if the proposed amendment is allowed.  By her own admission, the plaintiff has known that she was not promoted to Deputy Chief since June 9, 2003. (See Amended Complaint, First Count, ¶ 33.)  However, she has only moved to amend her complaint at this late date on the eve

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of trial. Jury selection in this matter is scheduled to begin this week, on March 3, 2004. This proximity forecloses the possibility of any meaningful discovery regarding the plaintiff's failure to promote claims. It also prevents the defendants from adequately investigating the plaintiff's claims and preparing their defense of those claims. Allowing the amendment would necessitate further discovery, which would delay trial in this matter. Additionally, the late introduction of these claims means that the defendants will be unable to move to dismiss these claims or for summary judgment on these claims. As such, the amendment would clearly prejudice the defendants, and, pursuant to Second Circuit precedent, the plaintiff should not be permitted to amend the Complaint.

### C. The Plaintiff's Amendment Would Be Futile and Should Not Be Permitted.

The plaintiff claims that the defendants violated Title VII and CFEPA by discriminating and retaliating against her by not promoting her to Deputy Chief in 2003. (See Amended Complaint, First, Second and Third Counts.) Because she has not exhausted her administrative remedies with regard to this claim, the Court is without jurisdiction to hear it. Accordingly, amending her Complaint to include this claim would be futile and should not be permitted.

Where there is no merit in a proposed amendment, leave to amend should be denied. Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir.1990). An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. See, e.g., S.S. Silberblatt, Inc. v.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir.1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action.")

The plaintiff does not allege she has exhausted her administrative remedies with regard to her 2003 failure to promote claims. In fact, in Paragraph 38 of the First Count of her Amended Complaint, the plaintiff alleges only that a charge was filed in 2001 and a "Notice of Right to Sue" and "Release of Jurisdiction" received in 2001. As such, it is clear that no administrative complaint was ever filed with regard to the 2003 failure to promote.

Because administrative remedies have not been exhausted, the failure to promote claim would clearly be subject to dismissal. "A Title VII claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter….The federal courts generally have no jurisdiction to hear claims not alleged in an employee's EEOC charge." Shah v. New York State Dep't of Civil Serv., 168 F.3d 610, 613 (2d Cir.1999)(citations omitted.). Accordingly, the plaintiff should not be permitted to make this futile amendment to her Complaint.

### III.   CONCLUSION

For all of the foregoing reasons, the plaintiff's Motion for Leave to Amend Complaint should be denied.

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANTS
CITY OF MIDDLETOWN
J. EDWARD BRYMER
DOMENIQUE THORNTON


By_____
   James M. Sconzo of
   Fed. Bar # ct04571
   HALLORAN & SAGE LLP
   One Goodwin Square
   225 Asylum Street
   Hartford, CT 06103


## CERTIFICATION

     This is to certify that on this 1st day of March, 2004, a copy of the foregoing was mailed, postage prepaid, to:

James S. Brewer, Esq.
Attorney Erin O'Neil
818 Farmington Avenue
West Hartford, CT  06119

Trina Solecki, Esq.
City Attorney
P.O. Box 1300
Middletown, CT  06457


                                      _____
                                          James M. Sconzo

520428.1(HSFP)

One Goodwin Square     HALLORAN     Phone (860) 522-6103
225 Asylum Street     & SAGE LLP     Fax (860) 548-0006
Hartford, CT 06103                                 Juris No. 26105