UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT    NEW HAVEN

March 3    20 04

Kevin F. Rowe, Clerk
By_____ Deputy Clerk

LYNN BALDONI,
　　　　PLAINTIFF

v.

THE CITY OF MIDDLETOWN,
CHIEF OF POLICE, J. EDWARD BRYMER,
AND DOMENIQUE S. THORTON,
　　　　DEFENDANTS

CIVIL ACTION NO.
301CV2205(PCD)

:
:
:
:
:
:
:
:
:    March 2, 2004

### PLAINTIFF'S OBJECTION TO DEFENDANTS'
### MOTION TO QUASH SUBPOENA AND MOTION TO COMPEL

The plaintiff served valid subpoenas upon the City of Middletown Records Division, the City of Middletown Records Keeper, Defendant Brymer and defendant Thorton to produce specific records that relate to the present case. The defendants have filed a Motion to Quash and an objection to the subpoena. The plaintiff now objects to the Motion to Quash and files this Motion to Compel the information sought.

I.　　**LEGAL ARGUMENT**

The defendant's Motion to Quash and Objection to the plaintiff's subpoena are invalid because the Motion does not contain a Memorandum as required by Local Rule 9(a). Further, the Motion and Objection does not set forth a valid basis for quashing the subpoena. Federal Rule of Civil Procedure 45(c)(3) sets forth the valid situations in which a subpoena will be quashed or modified. Rule 45(c)(3)(A)(i) requires that the subpoena recipient be provided reasonable time to comply with the subpoena. The plaintiff gave the defendant two full weeks to comply with the subpoena (subpoena issued February 13, 2004 to be responded to by February 27, 2004) which does not require an unreasonable time. Rule 45(c)(3)(A)(ii) provides for quashing a subpoena if

the distance to travel is too far. That is not an issue in this matter. Rule 45(c)(3)(A)(iii) governs the disclosure of privileged or other protected matters. The defendants argue that the personnel files are privileged.[1] Rule 45(c)(3)(A)(iv) argues that the subpoena may be quashed if it subjects the recipient to an undue burden, embarrassment, harassment or undue expense. The defendants argue that there is an undue burden to produce all the documents requested.

As to Subpoena 1 and Subpoena 2, the defendants argue that the requests should be quashed because they requests are overly broad and vague. This is not a valid basis to quash a subpoena, such reasons are not provided under Rule 45(c), therefore the Motion to Quash should be denied. The defendants further argue that the requests are "nothing more than a fishing expedition on the eve of trail." The plaintiff's requests are on the eve or trial, but they are not a fishing expedition. The plaintiff's requests are the requests that are normally made through discovery, but as the court knows, formal discovery has been bypassed in this case. The plaintiff has been forced to obtain information through this subpoena process because the plaintiff is not afforded the 30 days to await a response from the defendants.

The defendants also argue that the requests are not relevant and would not lead to discoverable evidence. This again is not a basis provided by Rule 45(c), therefore their motion should be denied. Further, to argue that previous claims, complaints, internal affairs investigations of discrimination made against the City or against any of the defendants is a baseless and frivolous argument considering that the present case involves gender discrimination and retaliation for filing CHRO complaints.

The defendants do argue that the disclosure of the personnel records would be an invasion

---

[1]If indeed the information is privileged, the defendant should submit the appropriate privilege log as required by Fed. R. Civ. Pro. 26(b)(5).

of privacy. However, this subpoena is served pursuant to Rule 30(6)(b), which provides for the disclosure of personnel files.

The burden is on the defendant to show a compelling reason to quash the subpoenas. The defendants have not shown a substantial need to quash this subpoena and the plaintiff has a very important and compelling need for this information as it will assist in properly prosecuting this case. Therefore, the plaintiff requests that the court deny the defendant's Motion to Quash and compel the information requested.

THE PLAINTIFF,
LYNN BALDONI

BY: _____
Erin I. O'Neil
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119
(860)523-4055
Federal Bar #ct 23073

## CERTIFICATION

This is to certify that the foregoing was mailed postage prepaid to all counsel and pro se parties of record on March 2, 2004:

James M. Sconzo, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Trina Solecki, Esq.
City Attorney
City of Middletown
P O Box 1300
245 DeKoven Street
Middetown, CT 06457

Erin I. O'Neil