UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LYNN BALDONI,                          :        CIVIL ACTION NO:
     PLAINTIFF                      :        3:01 CV2205(PCD)

v.                                     :

THE CITY OF MIDDLETOWN,                :
CHIEF OF POLICE, J. EDWARD             :
BRYMER, AND DOMENIQUE S.               :
THORNTON,                              :
     DEFENDANTS.                    :        MARCH 23, 2004

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, the defendants, City of
Middletown, J. Edward Brymer and Domenique Thornton submit the following requests
for jury instructions.  The defendants reserve the right to supplement, modify and/or
withdraw these requested instructions.  The plaintiff has filed a Motion for Leave to
amend her Complaint, which was granted by the Court, and the defendants have moved
for reconsideration on the ground that the amendment was unduly prejudicial and futile.

The plaintiff's original Complaint included causes of action for gender
discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title
VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, et
seq. ("CFEPA").  The plaintiff also asserted claims for violations of the First Amendment
and the Equal Protection clause of the Fourteenth Amendment, pursuant to 42 U.S.C. §
1983.  Further, the plaintiff brought claims of negligent and intentional infliction of
emotional distress.

In her Motion for Leave to Amend Complaint dated February 19, 2004, the plaintiff seeks to amend her Complaint to add new allegations, which constitute an entirely new cause of action or claim.  The plaintiff's proposed Amended Complaint adds new claims related to her failure to be promoted to Deputy Chief in 2003.  The plaintiff alleges that she was "discriminated and retaliated against for filing the present lawsuit in that she was denied the promotion to Deputy Chief."  The Amended Complaint also removes the plaintiff's negligent infliction of emotional distress claim.

Because of the pending motion, it is presently unclear which allegations will stand at the time of trial.  As such, these instructions address all claims in both complaints, and the defendants reserve the right to amend these instructions.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. ONE:  SYMPATHY[1]**

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

---

[1] Leonard B. Sand, et al.  Modern Federal Jury Instructions, ¶ 71.01 at 71-20 (1995) (hereinafter "3 Sand").

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWO:  PUBLICITY DURING THE TRIAL[2]**

      If there is publicity about this trial, you must ignore it.  Do not read anything or listen to any television or radio programs about the case.  You must decide this case only from the evidence presented in the trial.

---

[2] 3 Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, <u>Federal Jury Practice and Instructions: Civil</u>, § 101.19, at 45 (5th ed. 2000) (hereinafter "3 O'Malley").

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THREE:  CONSIDERATION OF THE EVIDENCE**

I am now going to instruct you as to what is part of the evidence in this case for you to consider in reaching a verdict.

The evidence in this case consists of the sworn testimony of each of the witnesses, regardless of which party called the witnesses.  It also consists of each document that was admitted into evidence by the Court as an exhibit, regardless of which party submitted the document.

Some evidence is admitted for a limited purpose only.  When I instructed you during the trial that an item of evidence is admitted for a limited purpose, you must consider it only for that limited purpose and for no other.[3]

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.  Finally, you must decide the case, not on the basis of fragments or parts of the evidence, but upon the

---

[3] 3 Edward J. Devitt, et al., <u>Federal Jury Practice and Instructions</u>, § 70.03, at 8 (4th ed. 1987) (hereinafter "Devitt").  <u>See</u> Ninth Circuit Pattern Jury Instructions, Instructions Nos. 1.3-1.6, 3.2-3.3, 3.5.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[4]

I am now going to instruct you as to what is not evidence in this case. Any evidence as to which an objection is sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by you.[5] If I sustained an objection to a question addressed to a witness, you are to disregard the question entirely -- you are not to draw any inference from the wording of the question, or speculate as to what the witness would have said if permitted to answer the question.[6]

Anything you may have heard or seen outside the courtroom is not evidence, and must be entirely disregarded.[7]

Furthermore, statements and arguments of counsel are not evidence in this case, unless made as an agreement or stipulation of fact.[8] In particular, statements made by counsel in their opening or closing remarks or in the asking of questions of witnesses do not constitute any evidence whatsoever in the case and should be disregarded by you as proof of any facts. You should attach no weight to inferences from questions, apart from the sense and meaning of the answers.

---

[4] Devitt, § 70.03, at 7-8.
[5] Devitt, § 70.03, at 8.
[6] Adapted from Devitt, § 70.01, at 3.
[7] Devitt, § 70.03, at 8.
[8] Devitt, § 70.03, at 8.

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

It is the duty and the right of counsel to address you and explain the testimony to enable you better to understand the questions that you are to decide.  However, if counsel inadvertently misstates the law or misstates the evidence, you will follow the law as given to you by the Court in these instructions and not as stated by counsel.  And you will take the evidence detailed by the witnesses and shown by the documents introduced instead of the statements of counsel.

During the course of this trial you have heard the various attorneys objecting to questions of other counsel. When the other side offers testimony or other evidence the attorney believes was not properly admissible, it is his or her right and duty to object. When I overruled the objection by allowing the testimony or other evidence to be introduced into evidence, I was not expressing any opinion as to the weight or effect of such evidence.  The attorneys were raising objections that I either accepted or rejected.[9]

---

[9] Adapted from Devitt, § 70.01, at 3.

7

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FOUR:  BURDEN OF PROOF**

In a civil action like this, the plaintiff must prove every essential element of his claim by a fair preponderance of the evidence.  If the proof fails to establish any essential element of the plaintiff's claim by a fair preponderance of the evidence, the jury must find for the defendants as to that claim.  The defendants have the same burden of proof as to their affirmative defenses.

To "establish by a fair preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a fair preponderance of the evidence in the case means such evidence as, when considered and compared with the evidence opposed to it, is more convincing and makes you believe that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a fair preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If you should find that all of the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict must be for the defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.[10]

As part of your analysis you must be mindful that there are three defendants in this case.  In order to recover against a particular defendant, the plaintiff must establish all of the elements of a claim, by a fair preponderance of the evidence, against that particular defendant. Thus, establishing an element or a claim against one defendant does not factor into your analysis of the plaintiff's claims against the other defendants. Your analysis of the plaintiff's claims against the other defendants must be based upon your independent review of the evidence.  Similarly, you must analyze each of the plaintiff's claims against each defendant independently.

---

[10] Adapted from 3 Sand, ¶ 75.01, at 75-7.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FIVE:  INTRODUCTION TO SUBSTANTIVE CHARGES**

MEMBERS OF THE JURY:

Now that I have instructed you on the procedural aspects of the case and your deliberations, I will instruct you on the substance of the case.

In this case,  the plaintiff alleges that the defendants failed to promote her, transferred her to another unit within the Department, and wrongfully denied her the use of a "take-home car."  She alleges that these acts constituted gender discrimination and retaliation for making previous complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, et seq. ("CFEPA").  The plaintiff also asserts claims for violations of the First Amendment and the Equal Protection clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983.  Further, the plaintiff brings claims of negligent and intentional infliction of emotional distress.

The defendants deny each of these claims.

Accordingly, I will first instruct you on what the plaintiff must have proven to establish each of her claims against the defendants.

If you conclude that the plaintiff has not proven what he is required to prove, then you must find for the defendants, and you need not consider the matter further.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

If, however, you find that the plaintiff has proven what he is required to prove in order to establish a claim - - then you must consider the defendants' defenses.

Accordingly, after I instruct what the plaintiff must prove, I will instruct you on the law relating to the defendants' defenses.

The defendants -- in addition to arguing that the plaintiff has not established what he needed to prove -- have asserted affirmative defenses against the plaintiff's claims.

For their defense, the defendants maintain that the plaintiff's claims are barred by qualified immunity.  The defendants assert that the plaintiff has failed to exhaust her administrative remedies contained in the collective bargaining agreement which covers her position.  The defendants assert that this Court lacks jurisdiction over the state law discrimination claim, in that the plaintiff did not commence the action within ninety (90) days of receiving a release of jurisdiction from the CHRO.  The defendants further assert that the individual defendants are not "employers" under the Connecticut Fair Employment Practices Act, and are thus not liable under that act.  The defendants claim that the plaintiff has failed to mitigate her damages.  The defendants claim that the plaintiff has failed to provide timely notice to the City of Middletown of her intention to commence a civil action, as required by Connecticut General Statutes §§ 7-465 and 7-101a.  The defendants assert that the plaintiff's claims are barred because they were dismissed by the CHRO.  The defendants assert that the plaintiff has failed to exhaust administrative remedies by not filing all of her claims of discrimination with the CHRO or

11

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

EEOC within the applicable statute of limitations. The defendants assert that they are entitled to legislative immunity or quasi-judicial immunity.   The defendants assert that the plaintiff did not sustain any adverse employment action. The defendants assert that they are entitled to the "same actor" defense. That defense holds that there is no inference of discrimination when the same individual hires or promotes an individual and later subjects them to adverse employment action.

Therefore, even if you conclude that the plaintiff has proven the basic elements of his claims, if you conclude that the defendants have proven any of their defenses you must find for the defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. SIX:  MULTIPLE DEFENDANTS AND MULTIPLE CLAIMS[11]**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all the defendants are liable. Each defendant is entitled to a fair consideration of the evidence.  You must decide each claim against each defendant separately.  You must not be influenced in deciding the claim against one defendant by the claims against the others.  In sum, you must decide whether the plaintiff has proven each of the elements of each of his claims against each defendant separately.  Moreover, if you find against a defendant on one claim, that does not mean you should find against him or her on all the claims.  Each claim has to be examined independently.

---

[11] Adapted from 3 O'Malley, § 103.14, at 119.  See Ninth Circuit Pattern Jury Instructions, Instruction No. 3.11.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. SEVEN:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.**[12]

In this case the plaintiff makes a claim against the defendant, City of Middletown, under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's gender.

More specifically, the plaintiff claims that she was transferred to a another position, denied the use of a "take-home" car, and denied a promotional opportunity by the defendant because of her gender.

The defendant denies that the plaintiff was discriminated against in any way and asserts that the plaintiff suffered no adverse employment action.

In order to prevail on this claim, the plaintiff must prove each of the following facts by a preponderance of the evidence:

First:        That the Plaintiff was transferred, denied the use of a "take-home" car, and denied a promotional opportunity by the defendants; and

Second:        That the Plaintiff's gender was a substantial or motivating factor that prompted the defendant to those actions.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

---

[12] See Eleventh Circuit Pattern Jury Instructions, Instruction No. 1.2.1

14

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's gender. So far as you are concerned in this case, an employer may transfer and fail to promote an employee or deny the employee the use of a "take-home" car for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their gender.

On the other hand, it is not necessary for the plaintiff to prove that the plaintiff's gender was the sole or exclusive reason for the defendant's decision. It is sufficient if the plaintiff proves that gender was a determinative consideration that made a difference in the defendant's decision.

If you find in the plaintiff's favor with respect to each of the facts that the plaintiff must prove, you must then decide whether the defendant has shown by a preponderance of the evidence that the plaintiff would not have been promoted or transferred or denied the use of a "take home car" for other reasons even in the absence of consideration of the plaintiff's gender. If you find that the plaintiff would have been transferred, not promoted and denied the use of a "take-home" car for reasons apart from the plaintiff's gender, then your verdict should be for the defendant.

15

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

If you find for the plaintiff and against the defendant on its defense, you must then decide the issue of the plaintiff's damages:

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)     Net lost wages and benefits to

the date of trial; and

16

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(b)     Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the plaintiff's damages by the amount that could have been reasonably realized if the plaintiff had taken advantage of such opportunity.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. EIGHT:  ADVERSE EMPLOYMENT ACTION.**[13]

To impose liability on the defendants for the plaintiff's Title VII, CFEPA and constitutional claims, you must determine whether the plaintiff has proven by a preponderance of the evidence that she suffered an adverse tangible employment action.

An adverse tangible employment action constitutes a significant change in employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, undesirable reassignment, or a decision causing a significant change in benefits. An adverse tangible employment action in most cases inflicts direct economic harm. As a general proposition, only a supervisor, or other person acting with the authority of the company, can cause this sort of injury. Adverse tangible employment actions are the means by which the supervisor brings the official power of the enterprise to bear on subordinates. An adverse tangible employment action requires an official act of the enterprise, a company act.

---

[13] See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761-62 (1998).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. NINE:  EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER TITLE VII.**[14]

As a precondition to filing a Title VII claim in federal court, a plaintiff must first file a complaint within 300 days of any alleged adverse employment actions with the EEOC or the CHRO. If you find that the plaintiff did not file a timely claim with the EEOC or CHRO with regard to any adverse employment actions alleged in the Complaint, you must find for the defendants with regard to that adverse employment action.

---

[14] See Fitzgerald v. Henderson, 251 F.3d 345, 358-59 (2d Cir.2001), cert. denied, 536 U.S. 922; National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 106, 122 S.Ct. 2061, 2068 (2002).

19

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TEN:  GENDER DISCRIMINATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT.[15]**

In this case, the plaintiff has also claimed that the defendants City of Middletown, J. Edward Brymer and Domenique Thornton, discriminated against her based on her gender, in violation of the Connecticut Fair Employment Practices Act.  You should apply the same analysis to this claim that you used in determining liability under the federal Title VII discrimination claim.

---

[15] See Beason v. United Technologies Corp., 213 F.Supp.2d 103, 115-116 (D.Conn. 2002).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. ELEVEN:  EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT.[16]**

As a precondition to filing a Title VII claim in federal court, a plaintiff must first file a complaint within 180 days of any alleged adverse employment actions with the state Commission on Human Rights and Opportunities (CHRO). If you find that the plaintiff did not file a timely claim with the CHRO with regard to any adverse employment actions alleged in the Complaint, you must find for the defendants with regard to that adverse employment action.

---

[16] See Conn. Gen. Stat. 46a-82(e); State v. Commission on Human Rights and Opportunities, 211 Conn. 464, 472 (1989).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWELVE:  TIMELY FILING OF STATE LAW DISCRIMINATION CLAIMS.**[17]

Under the law, the plaintiff was required to file suit on her state law discrimination claim within ninety days of receiving a Release of Jurisdiction from the CHRO.  If you find that the plaintiff did not do so, you must find for the defendants on this count.

---

[17] See Conn. Gen. Stat. § 46a-101; Angelsea Productions, Inc. v. CHRO, 236 Conn. 681, 694, 674 A.2d 1300 (1996).

22

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTEEN:  TITLE VII RETALIATION CLAIM.[18]**

The plaintiff alleges that the defendant, City of Middletown, retaliated, that is, took revenge against the plaintiff because the plaintiff had previously taken steps seeking to enforce the plaintiff's lawful rights under Title VII of the Civil Rights Act.

You are instructed that those laws prohibiting discrimination in the workplace also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws.  So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights.  To establish "good faith," however, it is insufficient for the plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the plaintiff must prove by a preponderance of the evidence:

First:   That she engaged in statutorily protected activity, that is, that she in good faith asserted claims or complaints of discrimination prohibited by federal law;

---

[18] See Eleventh Circuit Pattern Jury Instructions, Instruction No. 1.9.3

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Second: That an adverse employment action then occurred;

Third:  That the adverse employment action was causally related to the plaintiff's statutorily protected activities; and

Fourth:  That the plaintiff suffered damages as a proximate or legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred.  Or, stated another way, it must be shown that the protected activity by the plaintiff was a substantial, motivating cause that made a difference in the defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity.  So far as you are concerned in this case, an employer may fail to promote or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendant even though you personally  may not approve of the action taken and would have acted differently under the circumstances.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FOURTEEN:  THE EFFECT OF THE ADMINISTRATIVE FINDING ON THE PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS.[19]**

When the CHRO dismisses a discrimination or retaliation complaint, that dismissal has a preclusive effect on those claims in federal court.   If you find that the CHRO dismissed the plaintiff's administrative discrimination complaint regarding the alleged adverse employment actions at issue here, you must find for the defendants on the federal and state law discrimination and retaliation claims.

---

[19] See Kalanquin v. Heublein, Inc., 1999 WL 1249285 (D. Conn. June 21, 1999); Mitchell v. National Broadcasting Co., 553 F.2d 265, 271 (2d Cir. 1977).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FIFTEEN: 42 U.S.C. § 1983 - NATURE OF THE ACTION[20]**

The plaintiff alleges that the defendants violated her constitutional rights, specifically her right to free speech and her right to equal protection under the law.

The defendants deny that any of their actions during the time in question violated plaintiff's constitutional rights. The defendants claim that they were acting in good faith and that their actions were reasonable.

---

[20] Adapted from 3B Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice and Instructions: Civil, § 164.01 (2001) (hereinafter "3B O'Malley"). See 2 Hon. Douglas B. Wright and William L. Ankerman, Connecticut Jury Instructions (Civil), § 690, at 1065-68 (1993) (hereinafter "Wright & Ankerman").

26

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. SIXTEEN:  42 U.S.C. § 1983 - THE**

**STATUTE[21]**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional (or statutory) rights under color of state law.  Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[21] 42 U.S.C. § 1983.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. SEVENTEEN:  SECTION 1983 BURDEN OF PROOF[22]**

I shall shortly instruct you on the elements of plaintiff's Section 1983 claim.

The plaintiff has the burden of proving each and every element of his Section 1983 claim by a fair preponderance of the evidence.  If you find that any one of the elements of plaintiff's Section 1983 claim has not been proven by a fair preponderance of the evidence, you must return a verdict for the defendants.

---

[22] Adapted from 4 Sand, ¶ 87.03, at 87-67.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. EIGHTEEN:  ELEMENTS OF A SECTION 1983 CLAIM[23]**

To establish a claim under Section 1983, the plaintiff must establish, by a fair preponderance of the evidence, each of the following four elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff, and

Fourth, that the actions of the defendants which caused the alleged loss were intentional or reckless.

I shall now examine each of the three elements in greater detail.

---

[23] 4 Sand, ¶ 87.03 [1], at 87-68.  <u>See</u> Ninth Circuit Pattern Jury Instructions, Instruction No. 11.1.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. NINETEEN:  FIRST-ELEMENT - ACTION UNDER COLOR OF STATE LAW[24]**

The first element of the plaintiff's claim is that the defendants acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (*or* territory *or* the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he or she possesses by virtue of state law.

An actor may misuse power that he or she possesses by virtue of state law even if his or her acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

In order for an act to be under color of state law, the act must be of such nature and committed under such circumstances that it would not have occurred except for the

_____

[24] 4 Sand, ¶ 87.03[2], at 87-69, 87-71.  <u>See</u> 3B O'Malley, § 165.40 at 636-37; Ninth Circuit Pattern Jury

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fact that the defendants were clothed with the authority of the state - that is to say, the defendants must have purported or pretended to be lawfully exercising their official power while in reality abusing it.

The act of a state official in pursuit of his or her personal aims that is not accomplished by virtue of his or her state authority is not action under color of state law merely because the individual happens to be a state officer.

Instructions, Instruction No. 11.2.

31

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY:  SECOND ELEMENT - DEPRIVATION OF RIGHT[25]**

The second element of the plaintiff's claim is that he was deprived of a constitutional right by one or more of the defendants.  In order for the plaintiff to establish the second element, he must show these things by a fair preponderance of the evidence: first, that a defendant committed the acts alleged by the plaintiff; second, that those acts caused the plaintiff to suffer the loss of a constitutional right; and, third, that, in performing the acts alleged, the defendant acted intentionally or recklessly.  If the plaintiff proves that the defendant acted negligently, the defendant cannot be held liable.

---

[25] Adapted from 4 Sand, ¶ 87.03 [3], at 87-74.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-ONE:  SECOND ELEMENT - DEPRIVATION OF RIGHT: FIRST AMENDMENT RETALIATION[26]**

To prevail on her First Amendment retaliation claim, the plaintiff must prove to you that her protected speech played a substantial part in the alleged adverse employment action at issue.

In this case the plaintiff claims that the defendants, while acting "under color" of state law, intentionally deprived the plaintiff of the plaintiff's rights under the Constitution of the United States.

Specifically, the plaintiff claims that while the defendants were acting under color of authority of the State of Connecticut as employees and officials of the City of Middletown they intentionally violated the plaintiff's constitutional rights under the First Amendment to the Constitution when the defendants transferred, failed to promote the plaintiff and denied her a "take-home" car because of the plaintiff's exercise of the right of free speech.

The defendants deny that they violated the plaintiff's rights in any way, and assert that their conduct was, at all times objectively reasonable.

Under the First Amendment to the Constitution of the United States, every public employee has the right to "freedom of speech" addressing issues of public concern.  In this case, therefore, if you find that the plaintiff was discriminated against for engaging

---

[26] See Eleventh Circuit Pattern Jury Instructions, Instruction No. 1.2.1; Ezekwo v. New York City Health &

33

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in speech activity concerning matters of public concern, you should find for the plaintiff.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the plaintiff must prove each of the following facts by a preponderance of the evidence:

First:   That the actions of the defendants were "under color" of the authority of the State;

Second:  That the plaintiff engaged in speech activity concerning a matter of public concern;

Third:  That such speech activity was a substantial or motivating factor in the defendants' decision to transfer and not promote the plaintiff and to deny her a "take-home" car; and

Fourth:  That the defendants' acts were the proximate or legal cause of damages sustained by the plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

---

Hosps. Corp., 940 F.2d 775, 780 (2d Cir.1991); Connick v. Myers, 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority.  In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

You should be mindful that the law applicable to this case requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights.  So far as you are concerned in this case, a public employer may transfer, fail to promote, and denying car use to a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendants even though you personally may not approve of the action taken and would have acted differently under the circumstances.  Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that the plaintiff's protected speech activities were a "substantial or motivating" factor in the defendants' decision, the plaintiff does

35

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

not have to prove that the protected speech activities were the only reason the defendants acted against the plaintiff.  It is sufficient if the plaintiff proves that the plaintiff's protected speech activities were a determinative consideration that made a difference in the defendants' adverse employment decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find in the plaintiff's favor with respect to each of the facts that the plaintiff must prove, you must then decide whether the defendants have shown by a preponderance of the evidence that the plaintiff would have been transferred, not promoted and denied a "take-home" car for other reasons even in the absence of the protected speech activity.   If you find that the plaintiff would have been transferred, not promoted and denied the sue of the car for reasons apart from the speech activity, then your verdict should be for the defendants.

I will now explain the rules or principles of law you must apply in deciding the plaintiff's claim against the City.

Ordinarily, a corporation - - including a public body or agency such as the City of Middletown- - is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees.  This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

This doctrine does not apply, however, in a case such as this where the plaintiff claims a violation of constitutional rights.

In such a case it is not enough for the plaintiff to prove that she was retaliated against on the basis of protected speech by other employees of the City; rather the City of Middletown can be held liable only if you find that the deprivation of the plaintiff's constitutional right to free speech was the direct result of a City policy.

In order to prevail on the claim against the City the plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That the plaintiff was treated differently than other employees in the terms and conditions of her employment by the City;

Second:  That such different treatment was the intended result of a City policy or custom, as hereafter defined; and

Third:  That the plaintiff suffered damages as a proximate or legal result of such City policy or custom.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A policy or custom means a persistent, widespread or repetitious course of conduct by public officials or employees that, although not authorized by, or which may even be contrary to, written law or express municipal policy, is so consistent, pervasive and continuous that the City policy makers must have known of it, so that, by their

37

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

acquiescence, such policy or custom has acquired the force of law without formal adoption or announcement.

Finally, for damages to be the proximate or legal result of a wrongful City policy or custom, it must be shown that, except for such policy or custom, the damages would not have occurred.

If you find for the plaintiff and against the defendants on their defenses, you must then decide the issue of the plaintiff's damages.

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Net lost wages and benefits to the date of trial;

(b)    Emotional pain and mental anguish.

(c)    Punitive damages as to the individual defendants, if any.  (as explained in the Court's instructions).  You may not assess punitive damages to the City.[27]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the plaintiff's damages by the amount that could have been reasonably realized if the plaintiff had taken advantage of such opportunity.

---

[27] See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748 (1981).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The plaintiff also claims that the acts of the defendant were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the plaintiff, and if you further find that the individual defendant did act with malice or reckless indifference to the plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against these defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the individual defendants, you may consider the financial resources of the defendants in fixing the amount of such damages and you may assess punitive damages against one or more of the individual defendants, and not others, or against more than one individual defendant in different amounts.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-TWO:  SECOND ELEMENT - DEPRIVATION OF RIGHT: EQUAL PROTECTION[28]**

In this case the plaintiff claims that the defendants, while acting "under color" of state law, intentionally discriminated against the plaintiff based on her gender in violation of the plaintiff's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

The defendants deny that they violated the plaintiff's rights in any way, and assert that all their decisions were made for legitimate, nondiscriminatory reasons.

You are instructed that the Equal Protection Clause of the Fourteenth Amendment does prohibit discrimination against public employees on the basis of gender.  And, federal law provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

The rules of law that apply to the plaintiff's claim against the City are different from the law that applies to the plaintiff's claims against the individual defendants, and each claim must be considered separately.

I will first explain the rules or principles of law you must apply in deciding the plaintiff's claim against the individual defendants.

---

[28] See Eleventh Circuit Pattern Jury Instructions, Instruction No. 1.1.3.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

With respect to the plaintiff's claims against the individual defendants Thornton and Brymer, respectively, the plaintiff must prove each of the following facts by a preponderance of the evidence:

First:   That the individual defendant intentionally discriminated against the plaintiff in the terms and conditions of her employment based on the plaintiff's gender;

Second:  That the individual defendant committed such act or acts of discrimination "under color" of state law or authority; and

Third:  That the individual defendant's act or acts were the proximate or legal cause of damages sustained by the plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of the official's lawful authority, but also when the official acts without or beyond the official's lawful authority.  In order for unlawful or unconstitutional acts of an official to be done "under color" of state law, however, the acts must be done while the official was purporting or pretending to act in the performance of official duty; that is, the unlawful act must be an abuse or misuse of power which is possessed by the official only because he or she is an official.  In this case, therefore, you must determine whether the individual defendant had supervisory authority over the plaintiff in the terms and conditions of the plaintiff's employment, and

42

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

whether such defendant abused or misused that authority by intentionally discriminating against the plaintiff because of the plaintiff's gender.

You will note that proof of intentional discrimination on the part of the individual defendant is required; any evidence of mere negligence or the failure to exercise reasonable care in supervising other employees is insufficient. The plaintiff must prove that the individual defendant committed intentionally discriminatory acts, either personally or through the direction of others, or that the defendant knowingly and deliberately acquiesced in discriminatory acts being committed by the defendant's subordinates without intervening to stop such discrimination.

For damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

I will now explain the rules or principles of law you must apply in deciding the plaintiff's claim against the City.

Ordinarily, a corporation - - including a public body or agency such as the City of Middletown- - is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs.

This doctrine does not apply, however, in a case such as this where the plaintiff claims a violation of constitutional rights.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In such a case it is not enough for the plaintiff to prove that she was discriminated against on the basis of gender by other employees of the City; rather the City of Middletown can be held liable only if you find that the deprivation of the plaintiff's constitutional right to equal protection of law was the direct result of a City policy.

In order to prevail on the claim against the City the plaintiff must prove each of the following facts by a preponderance of the evidence:

First:   That the plaintiff was treated differently than other employees in the terms and conditions of her employment by the City;

Second:  That such different treatment was the intended result of a City policy or custom, as hereafter defined; and

Third:  That the plaintiff suffered damages as a proximate or legal result of such City policy or custom.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A policy or custom means a persistent, widespread or repetitious course of conduct by public officials or employees that, although not authorized by, or which may even be contrary to, written law or express municipal policy, is so consistent, pervasive and continuous that the City policy makers must have known of it, so that, by their acquiescence, such policy or custom has acquired the force of law without formal adoption or announcement.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Finally, for damages to be the proximate or legal result of a wrongful City policy or custom, it must be shown that, except for such policy or custom, the damages would not have occurred.

If you find in favor of the plaintiff and against the defendant, you will then consider the issue of the plaintiff's damages.

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

      (a)      Net lost wages and benefits to the date of trial;

      (b)      Emotional pain and mental anguish.

      (c)      Punitive damages as to the individual defendants, if any.  (as explained in the Court's instructions).  You may not assess punitive damages against the City.[29]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the plaintiff's damages by the amount that could have been reasonably realized if the plaintiff had taken advantage of such opportunity.

The plaintiff also claims that the acts of the defendants were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiff to an award of punitive damages in addition to compensatory damages.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

If you find for the plaintiff, and if you further find that the individual defendants did act with malice, or reckless indifference to the plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against those defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the defendants, you may consider the financial resources of the defendants in fixing the amount of such damages and you may assess punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

---

[29] See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748 (1981).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-THREE: THIRD-ELEMENT- PROXIMATE CAUSE[30]**

The third element which the plaintiff must prove is that one or more of the defendants' acts were a proximate cause of the injuries sustained by her. A "proximate cause" is defined by the law as a cause which, in natural or continuous sequence, unbroken by any intervening cause, produces the injury and without which the injury would not have occurred. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff.

In order to recover damages for any injury, the plaintiff must show by a fair preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury.

---

[30] Adapted from 4 Sand, ¶ 87.03 at 87-79; 3B O'Malley § 121.60 at 265; Ronald W. Eadas, <u>Jury Instructions on Damages in Tort Actions</u>, § 1.05 [1] (5th ed. 2003) ("Eades").

48

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-FOUR: FOURTH ELEMENT STATE OF MIND – GENERAL[31]**

In addition to your consideration of the elements, I instruct you that, to establish a claim under Section 1983, the plaintiff must show that one or more of the defendants acted intentionally or recklessly.  If you find that the acts of a defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for that defendants.

---

[31] 4 Sand, ¶ 87.03 at 87-75; Wright & Ankerman, § 690, at 1067-68.  See Ninth Circuit Pattern Jury Instructions, Instruction No. 11.1.

49

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-FIVE:  STATE OF MIND –
INTENTIONAL[32]**

An act is intentional if it is done knowingly, that is if it is done voluntarily and

deliberately and not because of a mistake, accident, negligence or other innocent

reason.  In determining whether each defendant acted with the requisite state of mind,

you should remember that while witnesses may see and hear and so be able to give

direct evidence of what a person does or fails to do, there is no way of looking into a

person's mind.  Therefore, you have to depend on what was done and what the people

involved said was in their minds and your belief or disbelief with respect to those facts.

---

[32] Adapted from 4 Sand, ¶ 87.03 at 87-76.  <u>See</u> Wright & Ankerman, § 690, at 1067-68.

50

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-SIX:  STATE OF MIND – RECKLESSNESS**[33]

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether a defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

---

[33] Adapted from 4 Sand, ¶ 87.03 at 87-77.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-SEVEN:  STATE OF MIND –
NEGLIGENCE**[34]

An act is negligent if a defendant was under a duty or obligation, recognized by
law, that required him or her to adhere to a certain standard of conduct to protect others
against unreasonable risks, and he or she breached that duty or obligation.

Again, if you find that the plaintiff has established that a defendant was negligent,
the plaintiff has failed to establish a Section 1983 case against that defendant and you
must enter a verdict in favor of that defendant.

---

[34] Adapted from 4 Sand, ¶ 87.03, at 87-78.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

**PROPOSED JURY INSTRUCTION NO. TWENTY-EIGHT:  PERSONAL INVOLVEMENT[35]**

As part of your deliberations on the plaintiff's Section 1983 claims, you must also be mindful that a plaintiff asserting a Section 1983 claim must prove the "personal involvement" or direct participation of a defendant in the alleged constitutional deprivation.  Neither respondeat superior or vicarious liability can provide a basis for recovery under Section 1983.[36]  Thus, a plaintiff must show an affirmative link between the alleged constitutional violation and the actions by the defendant which caused the alleged violation.[37]

In this case, the plaintiff must prove the "personal involvement" of each of the defendants.  If she does not establish the "personal involvement" of a defendant by a fair preponderance of the evidence, you must find for that defendant on the plaintiff's claims against that defendant.

---

[35] Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).
[36] See Canton v. Harris, 489 U.S. 378, 385 (1989).
[37] Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).  See Jemosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991) (jury concluded defendants were not personally involved).

53

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. TWENTY-NINE:  INTERVENING OR SUPERSEDING CAUSE[38]**

I previously discussed proximate cause with you.  An act or omission is the proximate cause of the injury when it is one which, in the natural and continuous sequence, unbroken by an independent intervening cause, produces the injury, and without which the injury would not have occurred.

An independent intervening or superseding cause is one that interrupts and turns aside a course of events and produces that which was not foreseeable as a result of an earlier act or omission.  Such an independent intervening or superseding cause would prevent the earlier act or omission from being considered as the proximate cause of the injury.

---

[38] Adapted from Eades, § 4.08 [1].

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY: QUALIFIED IMMUNITY[39]**

Under the qualified immunity doctrine, government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known.  Under this doctrine, a defendant's liability is not determined by whether he violated a plaintiff's constitutional rights, but rather whether his actions were objectively reasonable at the time.  Even defendants who violate Constitutional rights enjoy a qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable under this standard.  An official is liable only if the contours of the right he is alleged to have violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right.  Where reasonable officials could disagree, defendants are entitled to qualified immunity.

If you find that the actions of Ms. Thornton and Mr. Brymer were objectively reasonable with regard to the plaintiff, you must find in their favor on the plaintiff's constitutional claims.

---

[39] See Mitchell v. Forsyth, 472 U.S. 511, 105 S. Ct. 2806 (1985); Martinez v. Simonetti, 202 F. 3d 625, 622 (2d Cir. 2000); Zahra v. Town of Southold, 4 F.3d 674, 686 (2d Cir. 1995); see also Davis v. Scherer, 468 U.S. 183, 194 S. Ct. 3012 (1984); Anderson v. Creighton, 483 U.S. 635 (1987).

55

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-ONE:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS[40]**

**Essential Elements.**

In order to prevail on his claim for intentional infliction of emotional distress under state law, the plaintiff must establish the following four elements by a fair preponderance of the evidence: (1) the defendant intended to inflict the emotional distress or knew or should have known that emotional distress was a likely result of his or her conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's emotional distress; and (4) the emotional distress sustained by the plaintiff was severe.[41]

**Intent.**

To be actionable as intentional infliction of emotional distress, the plaintiff must prove by a fair preponderance of the evidence, that the defendant acted either with deliberate purpose to cause the emotional distress, or with knowledge to a substantial certainty that emotional distress would result.

**Severity of Conduct.**

An action for intentional infliction of emotional distress will be established only where the plaintiff proves that it was a defendant's extreme and outrageous conduct

---

[40] Petyan v. Ellis, 200 Conn. 243, 253 (1986); Pope, §§ 6:02-6:07, at 6-2 through 6-8.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

which caused the plaintiff severe emotional distress.[42]  Thus, the defendant's actions

must have been so flagrant that they would have caused severe distress in a person of

ordinary sensibilities; the hypersensitive plaintiff will not be compensated.  In order to be

actionable, the defendant's conduct must be proven to be "outrageous" and must

exceed "all bounds usually tolerated by decent society."[43]

---

[41] Garcia v. Gasparri, 193 F.Supp. 2d 445, 453-54 (D. Conn. 2002); Peytan v. Ellis, 200 Conn. 243, 253 (1986).
[42] Pope, § 6:02-6:07.
[43] Garcia v. Gasparri, 193 F.Supp. 2d 445, 453-54 (D. Conn. 2002); Petyan v. Ellis, 200 Conn. 243, 253 n.5 (1986).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-TWO:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - PRIVILEGE[44]**

A claim for intentional infliction of emotional distress will not lie if the defendant's conduct, although it would otherwise be extreme and outrageous, was privileged.

---

[44] Pope, § 6:09 at 6-8 through 6-9.

58

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-THREE:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS[45]**

The plaintiff has asserted a claim of negligent infliction of emotional distress against the defendants.  To recover under this theory, she must prove to you (1) that the defendant should have realized that their conduct involved an unreasonable risk of causing her emotional distress, and (2) from the facts known to the defendants, they should have realized that the distress, if proved, might result in illness or bodily harm. The plaintiff must also prove that her employment was terminated by the defendants, and that this conduct occurred during her termination process.  If the alleged conduct did not occur during a termination process, you must find for the defendants.

The first question here is whether the defendants' conduct, in view of all the circumstances, was unreasonable.  To be unreasonable in this context, the conduct must transgress the bounds of socially tolerable behavior, and be generally intolerable in a civilized society.  You will consider all of the facts and make this determination.  If you find that the defendants' actions did not transgress the bounds of socially tolerable behavior, you will find for the defendants on this count of the Complaint.  If you find that the defendants' conduct was unreasonable, you will then ask yourselves whether the conduct was so egregious that they should have realized that it involved an unreasonable risk of causing the plaintiff emotional distress.  It is not enough for plaintiff

---

[45] <u>Collins v. Gulf Oil Corp.</u>, 605 F. Supp. 1519,1523 (D. Conn. 1985); <u>Parsons v. United Technologies</u>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to show that there was some risk of causing her distress, however remote.  She must prove to you that it was an unreasonable risk.  Again, if you find for the defendants on this question, you will find for the defendants on the allegation.  If you find for the plaintiff on this question, you must then consider whether, from the facts known to the defendants, they should have realized that any such distress might result in illness or bodily harm to the plaintiff.  In other words, the distress must be of a serious nature.  It must be more than the usual feelings, however bad or unpleasant, that people experience in everyday life.  You will find in favor of the plaintiff on this count only if you find in her favor on each of these questions.

---

Corp., 243 Conn. 66, 88-89 (1997); Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 341 (1978); Perodeau v. City of Hartford, 259 Conn. 729, 792 A.2d 752 (2002).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-FOUR:  COMMON LAW QUALIFIED IMMUNITY[46]**

As part of your consideration of the plaintiff's state law claims of negligent and intentional infliction of emotional distress, you must consider the defendants' defense of common law qualified immunity.

A municipal employee has a qualified immunity in the performance of a governmental duty.  Governmental acts are performed wholly for the benefit of the public and are discretionary in nature.  Thus, a police chief or mayor will not be liable if he or she misperforms a discretionary act, as opposed to a ministerial act. The hallmark of a discretionary act is that it requires the exercise of judgment.  On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.

In this case, you must determine whether the manner in which a police chief or mayor transfers, promotes and allocates "take-home" vehicles are discretionary or ministerial acts.

---

[46] Spears v. Garcia, 263 Conn. 22, 35-36 (2003).  See Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628 (2000); Colon v. City of New Haven, 60 Conn. App. 178, 180-82 (2000).

61

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-FIVE:  FAILURE TO EXHAUST GRIEVANCE REMEDIES[47]**

Parties to a collective bargaining agreement must attempt to exhaust the grievance and arbitration procedures established in their agreement before resorting to court.  If you find that the plaintiff has an agreement with the City providing grievance and arbitration procedures, and find that the plaintiff did not exhaust those procedures with regard to her claims, you must find for the defendants on all counts.

---

[47] School Administrators Association v. Dow, 200 Conn. 376, 382 (2003).

62

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-SIX:  FAILURE TO PROVIDE NOTICE TO MUNICIPALITY[48]**

The law provides that written notice of the intention to commence suit against a municipality and of the time when and place where the damages were incurred or sustained must be filed with the clerk of such municipality within six months after such action has accrued.  If you find that the plaintiff has not provided such notice to the City, you must find for the City on all counts.

---

[48] Williams v. City of Torrington, 2003 WL 23185866 (D.Conn., Dec 10, 2003); Amaro v. American Honda Motor Co., 917 F.Supp. 142, 143- 44 (D.Conn.1996).

63

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-SEVEN:  CONSIDER DAMAGES ONLY IF NECESSARY[49]**

If the plaintiff has proven by a fair preponderance of the credible evidence that one, some or all of the defendants are liable on one or more of her claims, then you must determine the damages, if any, to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to a recovery.

In considering damages, you must continue to remember that the plaintiff must prove her damages, if any, by a fair preponderance of the evidence and that a plaintiff is entitled to recover only those compensatory damages which she has proven by a fair preponderance of the evidence.

In determining damages, if you have occasion to do so, you must not allow yourselves to be influenced by passion, prejudice, or sympathy for one side or the other.

You must base your award solely on a fair and impartial consideration of all the evidence.[50]

---

[49] Adapted from 3 Sand, ¶ 77.01 at 77-2.
[50] Eades, § 104 [1].

64

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-EIGHT:  LIABILITY TO BE DETERMINED FIRST[51]**

In your deliberations you must not discuss damages unless and until you have first, in accordance with these instructions, determined that a defendant is liable to the plaintiff.

---

[51] Eades, § 1.05 [1].

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. THIRTY-NINE:  COMPENSATORY DAMAGES[52]**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a right of the plaintiff.  If you find that any defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to reasonably and fairly compensate her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make a plaintiff whole -- that is, to compensate her for the damage that she has suffered.

I remind you that you may award compensatory damages only for injuries that the plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered or which she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.

---

[52] Adapted from 3 Sand, ¶ 77.01 at 77-7.  <u>See</u> 3B O'Malley, at 165.70 at 644-45.

66

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you find that one or more of the defendants is liable to the plaintiff as to any of the fair claims advanced, and only if you find that a defendant is so liable, you must then determine the amount of damages due to the plaintiff.  Your award would only be against the defendant or defendants that you determine to be liable.  Just because I instruct you on damages does not mean that you must award damages, or that I have an opinion as to whether you should award damages.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FORTY: MULTIPLE CLAIMS, DOUBLE RECOVERY AND COMPENSATORY DAMAGES[53]**

Because there is more than one defendant and more than one claim in this case you must keep in mind that an injury may be compensated only once and that there may not be additional compensatory damages for that same injury from two or more defendants.[54]  Although there are multiple claims in this case, you should not award compensatory damages more than once for the same injury.  In other words, if two or more causes of action provide a legal theory for compensating one distinct injury, only one recovery may be awarded.  But if different injuries are attributed to the separate claims, then you should compensate the plaintiff for those separate injuries.

If you find that the identical injury was caused by more than one wrong, you should award damages for the first such wrong and as to any subsequent wrong, indicate on the damages line of the verdict form the words "Please see award number ____."

Regarding compensatory damages, I have said that, if you return a verdict for the plaintiff, you must award her the amount of money that you believe will reasonably and fairly compensate her for any injury that you believe the plaintiff actually sustained as a result of the conduct of one or more of the defendants.  In this case, the plaintiff claims that the defendants violated her rights in a number of ways, including the civil rights

---

[53] Adapted from 3B O'Malley, at 165.73 at 653.  <u>See</u> 4 Sand, ¶ 87.03 at 87-91; Eades, § 1.03 [1].

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

violations as well as the state claims I described.  If you find that one or more of the

defendants did, in fact, violate more than one of the plaintiff's rights, you must

remember, in calculating the damages, that a plaintiff is entitled to be compensated only

for injuries actually suffered.

Thus, if the defendant violated more than one of the rights of the plaintiff, but the

resulting injury was no greater than it would have been if the defendant had violated

only one of the plaintiff's rights, you should award an amount of compensatory damages

no greater than you would award if the defendant had violated only one of those rights.

If on the other hand, the defendant violated more than one of the plaintiff's right and you

can identify separate injuries resulting from the separate violations, you may award an

amount of compensatory damages equal to the total of damages you believe will

reasonably and fairly compensate the plaintiff for the separate injuries suffered.

In sum, you should not award compensatory damages more than once for the

same injury.[55]  For example, if the plaintiff was to prevail on two claims and establish a

one dollar injury, you could not award her one dollar compensatory damages on each

claim.  She would only be entitled to be made whole again, not to recover more than he

lost.  Before you can award the plaintiff damages you must be satisfied that she has

---

[54] Adapted from instruction in <u>Lieberman v. Dudley</u>, 1998 WL 740827, at *3 n.2 (D. Conn. July 27, 1998), <u>aff'd</u> 199 F.3d 1322 (2d Cir. 1999).
[55] Adapted from 3 Sand, ¶ 77.01 at 77-5.  <u>See</u> <u>Kilduff v. Adams, Inc.</u>, 219 Conn. 314, 333-34 (1991).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

established both the fact of and the amount of damages with reasonable certainty.

Thus, there must be a factual basis for an award of damages, if any.[56]

---

[56] See Dan Dobbs, Handbook on the Law of Remedies, § 3.3 at 150-51 (1973).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FORTY-ONE:  NOMINAL DAMAGES**[57]

　　　　If you find from the evidence that the plaintiff has established that a legal right of hers has been violated by one, some or all of the defendants, but that she has sustained no actual damage or that the extent of his damage is not susceptible to proof to a reasonable degree of certainty, then you may return an award of nominal damages. The term nominal damages, as used in this instruction, means $1 (one dollar).

---

[57] Eades, § 1.11 [1].

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FORTY-TWO:  PROOF OF EMOTIONAL DAMAGES**

The plaintiff is seeking damages for the alleged emotional injuries she suffered.

In determining whether the plaintiff has proven by a fair preponderance of the evidence that she suffered emotional damages, you must remember that there can be no recovery for mere fright, nervous shock or other mental disturbance where there is no physical injury or bodily harm to a plaintiff.[58]

In the absence of physical harm, a plaintiff may recover for emotional damages only upon the proof of severe emotional distress.[59]  Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in a civilized society should be expected to endure it.[60]  The intensity and duration of the alleged distress and whether the plaintiff required medical treatment are factors you should consider in determining whether the plaintiff has proven by a fair preponderance of the evidence that she suffered severe emotional distress.[61]

---

[58] Montineri v. Southern New England Tele. Co., 175 Conn. 337, 342 (1978).  See Eades, § 7.01 [1].
[59] See Preston v. Phelps Dodge Copper Products Co., 35 Conn. App. 850, 861-62 (1994).  See also Clohessy v. Bachelor, 237 Conn. 31, 54-55 (1996); Eades, § 7.03 [1].
[60] Preston, 35 Conn. App. at 862, 862 n.9.
[61] Id.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FORTY-THREE:  LIABILITY FOR EMOTIONAL DAMAGES[62]**

If you find that the plaintiff has proven, by a fair preponderance of the evidence, that she suffered emotional damages then -- the defendants cannot be liable for those emotional damages unless the plaintiff also proved that the defendant should have realized that his or her conduct involved an unreasonable risk of causing the plaintiff's emotional distress, and from the facts known to the defendant, should have realized that the emotional distress, if it was caused, might result in illness or bodily harm.

Again, I repeat you cannot find any defendant liable for emotional damages unless you find that the plaintiff has proven by a fair preponderance of the evidence that a defendant should have realized that his or her conduct involved an unreasonable risk of causing the plaintiff emotional distress, and from the facts known to him or her, should have realized that emotional distress, if it were caused, might result in illness or bodily harm.

---

[62] Adapted from Wright & Ankerman, § 240, at 442; Montinieri v. Southern New England Tel. Co., 175 Conn. 337, 341, 346, 398 A.2d 1180 (1978).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FORTY-FOUR:  MITIGATION OF DAMAGES[63]**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities that she may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find one or more of the defendants are liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item for damages she could have avoided through such reasonable effort.  If plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

For example, with regard to the plaintiff's claim of emotional damages, you should consider what she did to alleviate her emotional damages, if any.  The same is true for the plaintiff's Title VII, CFEPA, section 1983 and state law claims.[64]  If you find that the plaintiff was injured as a natural consequence of illegal conduct by one or more of the defendants, you must determine whether the plaintiff could therefore have done something to lessen the harm that she suffered.  If the defendant or defendants

---

[63] Adapted from 3 Sand, ¶ 77.01 at 77-41.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

convince you that the plaintiff could have reduced the harm done to her but failed to do so, the plaintiff is entitled to only damages sufficient to compensate her for the injury that she would have suffered if he had taken appropriate action to reduce the harm done to her.

Bear in mind that the question of whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to set idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is a defendant's burden of proving that the damages reasonably could have been avoided.  In deciding whether to reduce the plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied their burden of proving that the plaintiff's conduct was not reasonable.

---

[64] Adapted from 4 Sand, ¶ 87.03 at 87-90.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FORTY-FIVE: PUNITIVE DAMAGES[65]**

MEMBERS OF THE JURY:

Now that you have returned a verdict in favor of the plaintiff and awarded her

damages, we must begin a second phase of the trial.  This phase will be shorter than

the first phase.

In addition to the damages you have awarded the plaintiff, you may, but are not

required to award a separate and additional award of punitive damages.  Punitive

damages are awarded, in the discretion of the jury, to punish a defendant for extreme or

outrageous conduct, or to deter or prevent a defendant and others like him or her from

committing such conduct in the future.  You may award punitive damages only against

the individual defendants, and not against the City of Middletown.[66]

You may award the plaintiff punitive damages if you find that the acts or

omissions of the defendants were done maliciously or wantonly.  An act or failure to act

is maliciously done if it is prompted by ill will or spite towards the injured person.  An act

or failure to act is wanton if done in a reckless or callous disregard of, or indifference to,

the rights of the injured person.  The plaintiff has the burden of proving, by a fair

---

[65] Adapted from 4 Sand, ¶ 87.03 at 87-92.  See Eades,  § 2.02 [1],   § 2.08 [1], § 2.09 [1];  Ninth Circuit Pattern Jury Instructions, Instruction No. 7.5.  Eighth Circuit Pattern Jury Instructions, Instruction No. 4.53; 3B O'Malley, § 165.71 at 649.

[66] See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748 (1981).

76

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

preponderance of the evidence, that each remaining defendant acted maliciously or wantonly with regard to her rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he or she is aware, or when the defendant has a conscious desire to injure the plaintiff in a manner he or she knows to be unlawful.  A conscious desire to perform the physical acts that caused the plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the defendant has a conscious desire to violate rights or injure the plaintiff unlawfully.

If you find by a fair preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages.  Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him or her and others like him or her from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages standing alone are likely to deter or prevent the defendant from again performing any wrongful acts he or she may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for his or her wrongful conduct, and the degree to which an award of one sum or another will deter the defendant or persons like him or her from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded.  Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.[67]

In sum, punitive damages may be awarded for violations of the plaintiff's constitutional rights only in cases of malicious action in gross disregard of those rights.[68] Punitive damages for constitutional violations are not a favorite in law and should be awarded only with caution and within narrow limits.[69] Punitive damages may not be awarded against the City of Middletown.

As part of your deliberations on the punitive damages issue, you must, as with all elements and claims in this case, conduct an independent analysis with regard to each defendant. Thus, the factors and guidelines I have just given you must be applied separately as to each defendant. Your findings as to one defendant should not factor into your analysis of the punitive damages issue as to another defendant.

---

[67] Ninth Circuit Pattern Jury Instructions, Instruction No. 7.5.
[68] Gagne v. Town of Enfield, 734 F.2d 902, 903 (2d Cir. 1984).
[69] Id.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**PROPOSED JURY INSTRUCTION NO. FORTY-SIX:  RELATIONSHIP BETWEEN PUNITIVE AND COMPENSATORY DAMAGES**

The amount to be awarded as punitive damages, if you award them, is for your good discretion.  The law does not offer any precise formula for determining a relationship between compensatory and punitive damages.  They should not be totally disproportionate to the compensatory damages.[70]  You may not base your award under influences such as passion, prejudice, or undue sympathy for either plaintiff or defendant.

However, in deciding on an appropriate figure, you should give due consideration to the degree of outrageousness of the conduct involved.

The court relies on your good judgment, if punitive damages are to be awarded, in arriving at a sum which, considering all the circumstances including defendant's financial status, will serve not only to punish, but also to deter similar wrongdoing in the future.

---

[70] Accord BMW of N. Amer., Inc. v. Gore, 517 U.S. 559, 575-76 (1996).

80

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANTS
CITY OF MIDDLETOWN
J. EDWARD BRYMER
DOMENIQUE THORNTON


By _____
    James M. Sconzo of
    Fed. Bar # ct04571
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103


## <u>CERTIFICATION</u>

This is to certify that on this 23rd day of March, 2004, a copy of the foregoing was mailed, postage prepaid, to:

James S. Brewer, Esq.
Attorney Erin O'Neil
818 Farmington Avenue
West Hartford, CT  06119

Trina Solecki, Esq.
City Attorney
P.O. Box 1300
Middletown, CT  06457


                    _____
                    James M. Sconzo

528532.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105