UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN BALDONI, | : | CIVIL ACTION NO: |
| PLAINTIFF | : | 3:01 CV2205(PCD) |
| | | |
| v. | : | |
| | | |
| THE CITY OF MIDDLETOWN, | : | |
| CHIEF OF POLICE, J. EDWARD | : | |
| BRYMER, AND DOMENIQUE S. | : | |
| THORNTON, | : | |
| DEFENDANTS. | : | MARCH 23, 2004 |

## TRIAL MEMORANDUM PART C

**1.    STATEMENT OF AGREEMENT/DISAGREEMENT WITH PLAINTIFF'S PROPOSED UNDISPUTED FACTS/PROPOSED FINDINGS OF FACT**

1.    At all times relevant to this complaint, the plaintiff, Lynn M. Baldoni, was a female and a resident of the state of Connecticut. (Plaintiff's testimony.)

   **Agree.**

2.    Defendant, Domenique S. Thornton, is the Mayor of Middletown and is sued in her individual and official capacity. (Plaintiff's testimony.)

   **Agree.**

3.    Defendant, J. Edward Brymer, is the Chief of Police of Middletown and is sued in his individual and official capacity. (Plaintiff's testimony.)

   **Agree.**

4.    The plaintiff was discriminated against because of her gender (female). (Plaintiff's testimony.)

   **Disagree.**

**This claim will be countered by the following evidence: Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

5.    In October, 1983, the plaintiff was hired by the City of Middletown Police Department as a Police Officer. (Plaintiff s testimony.)

   **Agree.**

6.    In July, 1992, the plaintiff was promoted to the rank of Sergeant and worked in that capacity until March, 1995, when she was promoted to the rank of Lieutenant. (Plaintiff's testimony.)

   **Agree.**

7.    In June, 1999, the plaintiff was promoted to the rank of Captain and was assigned to be the Division Commander of Investigative Services. (Plaintiff's testimony.)

   **Disagree.**

   **This claim will be countered by the following evidence: Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

8.    The plaintiff is currently the only female above the rank of Sergeant in the Middletown Police Department. (Plaintiff's testimony.)

   **Agree.**

9.    On October 18, 1993, the plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities against the City of Middletown Police Department for sexual harassment. (Plaintiffs testimony.)

   **Agree a complaint was filed in 1993, but cannot agree on the exact date.**

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

10.     On December 3, 1996, the plaintiff filed an internal hostile work environment complaint with Chief George Aylward. (Plaintiff's testimony.)

    **The defendants lack sufficient information to agree or disagree with this claim and therefore leave the plaintiff to her proof.**

11.     On May 2, 1997, the plaintiff filed an internal harassment complaint with the Middletown Police Department which was ultimately investigated by the Human Relations Department. (Plaintiffs testimony.)

    **Agree a complaint was filed in 1997, but cannot agree on the exact date.**

12.     Upon the plaintiff's promotion to the rank of Captain in May, 1999, she was assigned a vehicle to take home, as were the other two Captains, pursuant to an agreement between the Police Union and the City of Middletown. (Plaintiffs testimony.)

    **Disagree.**

    **This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

13.     In September, 2000, Captain Lang retired from service making the plaintiff the most senior Captain in the Department and creating a vacancy for the rank of Captain. (Plaintiff's testimony.)

    **Disagree.**

    **This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

14.     Until October, 2000, the command staff at the Middletown Police Department consisted of one Chief, one Deputy Chief, and three Captains. (Plaintiff's testimony.)

    **Agree.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

15.    On or about October 2, 2000, a Town Council meeting was held in which it was decided that a fourth Captain's position would be added to the department. This would enable a Captain to oversee the Professional Standards Division. (Plaintiff's testimony.)

       **Disagree.**

       **This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

16.    Mayor Domenique S. Thornton has final authority over hiring and promotions within the Middletown Police Department. (Plaintiff's testimony.)

       **Agree.**

17.    On or about October 3, 2000, an article appeared in the Hartford Courant which stated that "police sources" said the plaintiff was being transferred to the Professional Standards Division and Captain Barrow was being transferred to the Investigative Services Division. (Plaintiff's testimony.)

       **The defendants lack sufficient information to agree or disagree with this claim and therefore leave the plaintiff to her proof.**

18.    The plaintiff only learned of the transfer after one of her subordinates read the newspaper article to her. (Plaintiffs testimony.)

       **Disagree.**

       **This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

19.    On or about October 3, 2000, the plaintiff left a voice mail message with Chief Brymer requesting to speak with him about the newspaper article. (Plaintiff's testimony.)

       **The defendants lack sufficient information to agree or disagree with this claim and therefore leave the plaintiff to her proof.**

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

20. On October 3, 2000, Chief Brymer confirmed that the plaintiff was being transferred to the Professional Standards Division, which, under the supervision of Chief Brymer, is perceived as being less prestigious than the other divisions. (Plaintiff's testimony.)

   **Disagree.**

   **This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

21. On or about October 10, 2000, the plaintiff was informed by Chief Brymer that she was no longer entitled to a take-home car because they were issued by assignment, not by rank and that she should turn over her vehicle to Captain Barrow. (Plaintiff's testimony.)

   **Agree.**

22. Chief Brymer informed the plaintiff that he did not have a copy of the take-home car agreement. (Plaintiff's testimony.)

   **The defendants lack sufficient information to agree or disagree with this claim and therefore leave the plaintiff to her proof.**

23. On October 12, 2000, the plaintiff requested a copy of the take-home car agreement from the Union. (Plaintiff's testimony.)

   **The defendants lack sufficient information to agree or disagree with this claim and therefore leave the plaintiff to her proof.**

24. The Union failed to supply the plaintiff with the requested copy of the take-home car agreement until after November 6, 2000, when the Union and Chief Brymer negotiated a new take-home car agreement under which three of the four division commanders are entitled to a take-home car. (Plaintiff's testimony.)

   **As to the allegation that the union failed to supply plaintiff with the requested copy for the take home car agreement until after November 6,**

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**2000, the defendants lack sufficient information to agree or disagree with this claim and therefore leave the plaintiff to her proof. The defendants agree with so much of this paragraph which alleges that the union and Chief Brymer negotiated an amendment to an existing agreement regarding the take home car policy.**

25.     The Chief, Deputy Chief and the three junior Captains all have take-home cars. The plaintiff is the only Captain in the command staff not to have a take-home car. (Plaintiff's testimony.)

**Disagree.**

**This claim will be countered by the following evidence: Testimony from proposed witnesses, and testimony from the plaintiff.**

26.     There are four Captains, including the plaintiff, the plaintiff is the only female Captain.

**Agree.**

27.     On or about March 27, 2001, Chief Brymer held a meeting of his command staff and the plaintiff was specifically excluded. (Plaintiffs testimony.)

**Disagree.**

**This claim will be countered by the following evidence: Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

28.     On December 9, 2002, the Police Department posted the position for Deputy Chief, for which the plaintiff applied. (Plaintiff s testimony.)

**Agree that the position was posted, but lacks sufficient information to agree or disagree as to the date of that posting.**

29.     Plaintiff has suffered and will continue to suffer irreparable injury caused by defendants' illegal conduct. (Plaintiff's testimony.)

**Disagree.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

30.    Plaintiff has satisfied all of the procedural and administrative requirements set forth in  Section 706 of Title VII (42 U.S.C.A. 2000e-5), in particular:

a.    Plaintiff filed a timely written charge of sex discrimination with the Connecticut Human Rights and Opportunities Commission (hereinafter "CHRO") on April 11, 2001. (Plaintiff's testimony.)

b.    Plaintiff filed a timely written charge of sex discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on August 6, 2001. (Plaintiffs testimony.)

c.    Plaintiff received a "Notice of Right to Sue" from the EEOC on October 15, 2001. (Plaintiff s testimony.)

d.    Plaintiff received a "Release of Jurisdiction" from the CHRO on July 13, 2001.

**Disagree.**

**This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

31.    The plaintiff, as a female, has been treated differently than those similarly situated by the defendants, in that she is the only female Captain out of four Captains and she is the only Captain who does not have a take home vehicle. (Plaintiff's testimony.)

**Disagree.**

**This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

32.    As a direct and proximate result of said acts and/or omissions, the Plaintiff suffered  severe emotional distress. (Plaintiff's testimony.)

       **Disagree.**

       **This claim will be countered by the following evidence:  Testimony from proposed witnesses, and proposed exhibits identified in the defendants' Section B compliance.**


**2.     STATEMENT OF AGREEMENT/DISAGREEMENT WITH PLAINTIFF'S CLAIMS OF LAW**

1.    Violation of 42 U.S.C. § 2000e, Title VII (Sexual Discrimination) as to defendant, the  City of Middletown.

       **Disagree.  This disagreement is based on the proposed undisputed facts/proposed findings of fact and claims of law recited in the defendants' Section B compliance.**

2.    Violation of 42 U.S.C. § 2000e, Title VII (retaliation) as to the Defendant, the City of  Hartford.

       **Disagree.  This disagreement is based on the proposed undisputed facts/proposed findings of fact and claims of law recited in the defendants' Section B compliance.**

3.    Violation of Connecticut General Statutes 46a-60(a)(1) Sexual Discrimination as to all  the Defendants.

       **Disagree.  This disagreement is based on the proposed undisputed facts/proposed findings of fact and claims of law recited in the defendants' Section B compliance.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

4.      Violation of 42 U.S.C. § 1983, First Amendment Retaliation as to all Defendants.

**Disagree.  This disagreement is based on the proposed undisputed facts/proposed findings of fact and claims of law recited in the defendants' Section B compliance.**

5.      Violations of Fourteenth Amendment Equal Protection of the Law as to all of the Defendants.

**Disagree.  This disagreement is based on the proposed undisputed facts/proposed findings of fact and claims of law recited in the defendants' Section B compliance.**

6.      State common law Negligent Infliction of Emotional Distress as to all of the Defendants.

**Disagree.  This disagreement is based on the proposed undisputed facts/proposed findings of fact and claims of law recited in the defendants' Section B compliance.**

7.      State common law Intentional Infliction of Emotional Distress as to all the Defendants.

**Disagree.  This disagreement is based on the proposed undisputed facts/proposed findings of fact and claims of law recited in the defendants' Section B compliance.**


**3.      STATEMENT OF AGREEMENT/DISAGREEMENT WITH ADMISSIBILITY OF PLAINTIFF'S PLAINTIFF'S PROPOSED EXHIBITS/EVIDENCE**

1.      Town's CHRO Response/Schedule A

**Disagree.  The best evidence regarding the City's CHRO responses is testimony of the witnesses.  See F.R.E. 1002.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.    Plaintiff's CHRO Complaints, 1993

**Disagree.  These documents are not relevant to the instant matter under F.R.E. 401, 402.  Further, there is no continuing course of conduct by the defendants. <u>See</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); F.R.E. 401, 402.  Moreover, such claims are time-barred. <u>See</u> Conn. Gen. Stat. §§ 46a-82e, 52-577, 52-584; <u>Holt v. KMI-Continental, Inc.</u>, 95 F.3d 123, 131 (2d Cir.1996); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964; the Connecticut Fair Employment Practices Act; F.R.E. 401, 402.**

3.    Plaintiff's CHRO Complaints, 1996

**Disagree.  These documents are not relevant to the instant matter under F.R.E. 401, 402.  Further, there is no continuing course of conduct by the defendants. <u>See</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); F.R.E. 401, 402.  Moreover, such claims are time-barred. <u>See</u> Conn. Gen. Stat. §§ 46a-82e, 52-577, 52-584; <u>Holt v. KMI-Continental, Inc.</u>, 95 F.3d 123, 131 (2d Cir.1996); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964; the Connecticut Fair Employment Practices Act; F.R.E. 401, 402.**

4.    Plaintiff's CHRO Complaints, 1997

**Disagree.  These documents are not relevant to the instant matter under F.R.E. 401, 402.  Further, there is no continuing course of conduct by the defendants. <u>See</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); F.R.E. 401, 402.  Moreover, such claims are time-barred. <u>See</u> Conn. Gen. Stat. §§ 46a-82e, 52-577, 52-584; <u>Holt v. KMI-Continental, Inc.</u>, 95 F.3d 123, 131 (2d Cir.1996); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964; the Connecticut Fair Employment Practices Act; F.R.E. 401, 402.**

5.    Affidavit of Christopher Barrow, Dated 5/24/01

**Disagree.  The best evidence regarding the City's CHRO responses is testimony of the witnesses.  <u>See</u> F.R.E. 1002.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103



Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

6.    Affidavit of Domenique S. Thornton, Dated 5/25/01

**Disagree. The best evidence regarding the City's CHRO responses is testimony of the witnesses. See F.R.E. 1002.**

7.    Affidavit of J. Edward Brymer, Dated 5/25/01

**Disagree. The best evidence regarding the City's CHRO responses is testimony of the witnesses. See F.R.E. 1002.**

8.    Respondents' Answer to Affidavit of Illegal Discriminatory Practice, Dated 5/25/01

**Disagree. The best evidence regarding the City's CHRO responses is testimony of the witnesses. See F.R.E. 1002.**

9.    Letter from Union to Chief Brymer, Dated 4/9/00

**Agree.**

10.   Letter from Chief Brymer, Dated 4/28/00

**Agree.**

11.   Memorandum of Understanding, Re: Take Home Vehicles, Dated 11/6/00

**Agree.**

12.   Personnel File and all Accommodations

**Disagree to extent that exhibits relate to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

11

One Goodwin Square
225 Asylum Street
Hartford, CT 06103



Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

13.   Letter from Labbadia to Baldoni, Re: Transfer

**The defendants are not aware of the contents of this document, or the basis of its admission and are therefore unable to express agreement or disagreement, but preserves the right to disagree. Further, the defendants disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

14.   Memorandum from Baldoni to All Investigative Personnel. Dated 12/28/99

**Agree.**

15.   Aol.com Weather Report, Dated June 15, 2000

**Disagree. This exhibit is not relevant to the instant matter under F.R.E. 401 and 402.**

16.   Baldoni Notebook, Dated 2000-2001 (including all entries in between)

**The defendants are not aware of the contents of this document, or the basis of its admission and are therefore unable to express agreement or disagreement, but preserves the right to disagree. Further, the defendants disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City**

12



HALLORAN
& SAGE LLP

**or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

17.     All media articles from Hartford Courant published in 2000-2001 regarding the merits of this case

**Disagree. Such articles are not relevant to the instant matter under F.R.E. 401 and 402, and introduction of such evidence would unduly prejudice the defendants under F.R.E. 403.**

18.     Memorandum from Baldoni to Lt. David Gervais, Dated 10/3/00

**The defendants are not aware of the contents of this document, or the basis of its admission and are therefore unable to express agreement or disagreement, but preserves the right to disagree. Further, the defendants disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

19.     Baldoni Notebook 2, Re: events from "DB" (disciplinary board)

**The defendants are not aware of the contents of this document, or the basis of its admission and are therefore unable to express agreement or disagreement, but preserves the right to disagree. Further, the defendants disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City**

13

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE** LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

or its personnel unrelated to this lawsuit.  This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.

20.    Middletown Police Dept. Promotion (Brymer), Dated 10/10/00

**Agree**

21.    Baldoni Notebook 3, Dated 2000-2001 (including all entries in between)

**The defendants are not aware of the contents of this document, or the basis of its admission and are therefore unable to express agreement or disagreement, but preserves the right to disagree.  Further, the defendants disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint;  the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit.  This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

22.    Baldoni Memo. to Off. Robert Tremblay, Dated 10/19/00

**Agree.**

23.    Baldoni Memo. To Brymer, Dated 12/7/00

**Agree.**

24.    Purchase Request (Baldoni), Dated 12/7/00

**Agree.**

25.    Baldoni Memo. To Custer, Dated 12/13/00
**Agree.**

14

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

26.    Middletown Police Dept., Schedule of Vehicles by Dept.

**Agree.**

27.    Middletown Police Dept., Radio Numbers List

**Agree.**

28.    Baldoni Note to self, Dated 3/8/01

**The defendants are not aware of the contents of this document, or the basis of its admission and are therefore unable to express agreement or disagreement, but preserves the right to disagree.  Further, the defendants disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint;  the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit.  This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

29.    Baldoni Memo. To Brymer, Dated 3/2/01

**Agree.**

30.    Baldoni Memo. To Tremblay, Dated 2/26/01

**Agree.**

31.    Baldoni Memo. To Brymer, Dated 3/9/01

**Agree.**

32.    Middletown Police Local #1361 Contract 1998-2002

**Agree.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

33.    Middletown Police Local #1361 Contract 2002-2006

**Disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

34.    Baldoni's Personnel File

**Disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

35.    Custer's Personnel File

**Disagree for the reasons set forth in section V. in defendants' Section B compliance.**

36.    Barrow's Personnel File

**Disagree for the reasons set forth in section V. in defendants' Section B compliance.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

37.    Pessina's Personnel File

**Disagree for the reasons set forth in section V. in defendants' Section B compliance.**

38.    Middletown's Policy/ Personnel Handbook

**Agree.**

39.    Any and all documents produced in response to plaintiff's subpoena directed at the Town of Middletown dated 2/13/04, 2/17/04, 2/18/04.

**Disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

40.    Any and all documents that are discovered through the deposition process.

**Disagree to extent that the exhibit relates to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint; the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit. This disagreement is based on the reasons set forth in section V. of the defendants' Section B compliance.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**4.    STATEMENT OF AGREEMENT/DISAGREEMENT WITH PLAINTIFF'S PROPOSED EXPERT WITNESSES.**

No experts have been listed by plaintiff.

**5.    ATTORNEY WHO WILL TRY THE CASE**

(1)    For the defendants, James M. Sconzo, Halloran & Sage LLP, One Goodwin Square, 225 Asylum Street, Hartford, Connecticut  06103-4303.

(2)    For the plaintiff, James S. Brewer, Esq., Brewer & O'Neil, LLC, 818 Farmington Avenue, West Hartford, CT 06119.

**6.    JURY OR COURT CASE**

This case will be tried to a jury.

**7.    LENGTH OF TRIAL**

The defendants anticipate the presentation of evidence will take approximately three to four days.

**8.    MAGISTRATE JUDGE**

The parties do not consent to a trial by Magistrate Judge.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

9.    **FURTHER PROCEEDINGS**

**The defendants reserve the right to supplement this list due to the fact that discovery is ongoing up to the date of trial.**

The defendants anticipate filing Motions in Limine to preclude any testimony or introduction of any other evidence related to: emotional distress damages; the promotion of Phillip Pessina to Deputy Chief; the decision not to promote the plaintiff to Deputy Chief; any pay differential or lost overtime opportunities as recently alleged in the Amended Complaint;  the qualifications of plaintiff compared with other police personnel, including Deputy Chief Pessina; the personnel files of other police personnel or city employees or officials; the so-called 1993, 1996 and 1997 complaints; and evidence of discrimination claims, internal investigations, against the City or its personnel unrelated to this lawsuit.  Additionally, the defendants have filed a Motion to Quash the subpoenas directed to the City of Middletown Records Division, the City of Middletown "Records Keeper," defendant J. Edward Brymer, and defendant Donemique Thornton compelling the production of an extensive and voluminous amount of documents in court on March 3, 2004.  The defendants have also filed a Motion for Reconsideration of the Court's ruling dated February 26, 2004 granting Plaintiff's Motion for Leave to Amend Complaint.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**10.    WHETHER SETTLEMENT IS REASONABLY LIKELY**

At this time, the defendants do not believe settlement is reasonably likely in this case.

**11.    BASIS FOR FEDERAL JURISDICTION**

42 U.S.C. §§ 1983, 1988, 42 U.S.C. § 2000e, 28 U.S.C. §§ 1331, 1343, 1367.

**12.    THE STATEMENT OF THE NATURE OF EACH CAUSE OF ACTION OR RELIEF SOUGHT**

The plaintiff seeks monetary damages and injunctive relief based upon her allegations that the defendants wrongfully transferred her to another unit within the Department in 2000, and wrongfully denied her the use of a "take-home car."  Her Complaint dated November 27, 2001 alleges that these acts constituted gender discrimination and retaliation for making previous complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, et seq. ("CFEPA").  The plaintiff also asserts claims for retaliation in violation of the First Amendment and the Equal Protection clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. Further, the plaintiff brings claims of negligent and intentional infliction of emotional distress.

20

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In her Motion for Leave to Amend Complaint dated February 19, 2004, the plaintiff seeks to amend her Complaint to add new allegations, which constitute an entirely new cause of action or claim. The plaintiff's proposed Amended Complaint adds new claims related to her failure to be promoted to Deputy Chief in 2003. The plaintiff alleges that she was "discriminated and retaliated against for filing the present lawsuit in that she was denied the promotion to Deputy Chief." The Amended Complaint also removes the plaintiff's negligent infliction of emotional distress claim. The defendants have moved the Court to reconsider its ruling allowing the plaintiff to amend her complaint.

13.    **PROPOSED VOIR DIRE QUESTIONS**

Jury has already been selected in this matter.

14.    **WRITTEN STATEMENT IN LIEU OF OPENING STATEMENT**

The plaintiff is employed by the City of Middletown Police Department. She claims that she was wrongfully transferred to another unit within the Department in 2000, and was wrongfully denied the use of a "take-home car." She has sued the City of Middletown, its Mayor, Domenique Thornton, and its Chief of Police, J. Edward Brymer, claiming that these acts constituted gender discrimination and retaliation, in

21

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

violation of state and federal law.  She also claims that she suffered negligent and

intentional infliction of emotional distress.

The defendants deny the plaintiff's allegations and have asserted that her claims

are barred on a number of different legal theories.


**15.    REQUESTS FOR JURY CHARGE AND REQUEST FOR THE FORM OF
VERDICT AND/OR JURY INTERROGATORIES.**

See Attached.




THE DEFENDANTS
CITY OF MIDDLETOWN
J. EDWARD BRYMER
DOMENIQUE THORNTON


By_____
James M. Sconzo of
Fed. Bar # ct04571
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 23rd day of March, 2004, a copy of the foregoing was mailed, postage prepaid, to:

James S. Brewer, Esq.
Attorney Erin O'Neil
818 Farmington Avenue
West Hartford, CT  06119

Trina Solecki, Esq.
City Attorney
P.O. Box 1300
Middletown, CT  06457

_____
James M. Sconzo

522185.1(HSFP)

23

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105