# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN BALDONI; | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:01CV2205 (PCD) |
| VS. | : | |
| | : | |
| THE CITY OF MIDDLETOWN; | : | |
| J. EDWARD BRYMER; | : | |
| DOMENIQUE S. THORNTON; | : | |
| Defendants | : | MARCH 24, 2004 |

## REPLY MEMORANDUM TO PLAINTIFF'S OBJECTION TO MOTION TO QUASH SUBPOENA AND MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 45(c), the defendants have moved to quash the subpoenas directed to the City of Middletown Records Division, the City of Middletown "Records Keeper," defendant J. Edward Brymer, and defendant Donemique Thornton compelling the production of an extensive and voluminous amount of documents in court. In response, the plaintiff has filed an Objection to Defendants' Motion to Quash Subpoena and Motion to Compel (the "Objection"). The defendants submit this Reply to briefly address two arguments raised in the plaintiff's Objection.

The plaintiff has objected stating, "the defendant's Motion to Quash and Objection to the plaintiff's subpoena are invalid because the Motion does not contain a memorandum as required by Local Rule 9(a)." (Objection, p. 1.) This argument is without merit because the pleading sets forth the defendants' substantive arguments

**ORAL ARGUMENT REQUESTED**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

that would otherwise be stated in an accompanying memorandum of law.  The failure to include such a memorandum is only a technical matter of form.  It would be unfair to deny the motion on this basis.

The plaintiff also argues that Fed. R. Civ. P. 45 permits "overly broad and vague" document subpoenas.  (Objection, p. 2.)  The defendants have objected to the subpoenas on the basis that, among other bases, the production requested is overly burdensome, broad and vague, fails to specifically identify the materials to be produced, and seeks information not genuinely relevant to the subject matter of this lawsuit.  Rule 45 states that a subpoena should be quashed where it "subjects a person to undue burden."  Overbreadth, vagueness and lack of relevancy qualify as an undue burden under Rule 45, and that rule has been interpreted to quash document requests that are overbroad and not relevant.  See, e.g., In re: Application of J.A. Frites v. Pantry Pride, Inc., 1985 WL 2752 (S.D.N.Y. Sept. 25, 1985) (copy attached hereto) (decided before the 1991 amendment, which states: "The purposes of this revision are (1) to clarify and enlarge the protections afforded person who are required to assist the court by giving information or evidence…." Fed. R. Civ. P. 45 advisory committee's note.)  Accordingly, for the reasons stated above and those in the defendants' Motion to Quash, the plaintiff's subpoenas should be quashed.

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

                    THE DEFENDANTS
                    CITY OF MIDDLETOWN
                    J. EDWARD BRYMER
                    DOMENIQUE THORNTON

By_____
  James M. Sconzo
  Fed. Bar # ct04571 and
  Jonathan C. Sterling
  Fed. Bar # ct24576
  HALLORAN & SAGE LLP
  One Goodwin Square
  225 Asylum Street
  Hartford, CT 06103

## **CERTIFICATION**

    This is to certify that on this 24th day of March, 2004, a copy of the foregoing was mailed, postage prepaid, to:

James S. Brewer, Esq.
Attorney Erin O'Neil
818 Farmington Avenue
West Hartford, CT  06119

Trina Solecki, Esq.
City Attorney
P.O. Box 1300
Middletown, CT  06457

                            _____
                            Jonathan C. Sterling

530454.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105