UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

LYNN BALDONI,                               :    CIVIL ACTION NO.
        PLAINTIFF                           :    ~~Mar 25  4 16 PM '04~~
                                            :    U.S DISTRICT COURT
v.                                          :    NEW HAVEN
                                            :    3:01-CV-2205(PCD)
THE CITY OF MIDDLETOWN,                     :
CHIEF OF POLICE, J. EDWARD BRYMER,          :
AND DOMENIQUE S. THORTON,                   :
        DEFENDANTS                          :    MARCH 23, 2004

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER FOR LEAVE TO AMEND COMPLAINT

### I.    INTRODUCTION

On February 26, 2004, the court granted the plaintiff's Motion to Amend her Complaint to add allegations of Retaliation and to delete allegations of Negligent Infliction of Emotional Distress. The defendants have filed a Motion to Reconsider the court's granting of the Motion and an Objection to the Motion for Leave to Amend. The plaintiff now files this opposition to the Motion to Reconsider.

### II.    FACTS RELEVANT TO THE PRESENT MOTION

The facts that give rise to the addition of a claim of Retaliation stem from a denial of the denial of the Deputy Chief position that occurred in June, 2003. The defendants argue that the plaintiff should be precluded from bringing the claim of Retaliation because it is an "entirely new cause of action or claim." This is not the case. The denial of the promotion is a continuation of the retaliation and harassment that the plaintiff has suffered that gave rise to the initial complaint.

The defendants also argue that to add a claim of retaliation at this time would prejudice the defendants. This assertion is completely meritless in that no discovery had been done on any

aspect of this case as of February 19, 2004, when the Motion to Amend the compliant was filed. The defendants have not been denied an opportunity to fully defend the claim of retaliation as the defendants had not taken any action to defend any aspect of the complaint, no depositions had been noticed, no written discovery had been requested and no settlement discussions had taken place as of March 1, 2004, when the Motion to Reconsider was filed. No additional resources needed to be expended and the addition of the claim did not delay the resolution of the dispute. The defendants argue that the plaintiff knew of the denial of the promotion since June, 2003, however, as the defendants know, the case was stayed until January 26, 2004, and no action could be taken in the case until the stay was lifted. Following the status/settlement conference with the court on February 19, 2004, when it was clear that the case would not be resolved that day, the plaintiff immediately filed the Motion to Amend the complaint. This amendment should be allowed. Absher v. Flexi International Software, Inc., Civil Docket No. 3:02CV171 (AHN)(Conn. 2003)(court allowed the amendment of a Title VII claim even after some discovery had been conducted.)

The defendants also argue that the amendment should not be allowed because it would be futile to bring the claim of retaliation because the plaintiff has failed to exhaust her administrative remedies as to the Title VII claim of retaliation. This is also false. As the plaintiff was already involved in the present lawsuit when the amended complaint was filed. The plaintiff has no duty to exhaust her administrative remedies through the EEOC for the denial of the promotion if the disrcminiation is a continuation of the harassment and retaliation that was subject of the initial EEOC filing and if the discrimination took place after the filing of the initial EEOC complaint. Simms V. oklahoma ex rel. Dept. of Mental Health and Substance Abuse Services, 165 f.3d 1321 (10th Cir. Janury 25, 1999); Arrington v. Cobb County, 139 f.3d 865 (11th

Cir. April 24, 1998). In this case both aspects are true. The allegations in the additional allegations stem from the same discriminatory practices that gave rise to the initial EEOC complaint and this present lawsuit and the discriminatory actions, the denial of the promotion, took place after the filing of the EEOC complaint and this lawsuit. Therefore, the plaintiff is not required to exhaust her administrative remedies prior to amending the complaint.

Finally, it is in the interest of judicial economy to allow the plaintiff to add these allegations of retaliation under Title VII at this point. The plaintiff is still within the 300 days allowed to file a complaint with the EEOC on this issue and will, thus beginning another lawsuit on the issue of retaliation. The court has an opportunity to resolve any and all issues arising out of the defendants' conduct through this litigation and through the settlement conference scheduled tomorrow by denying the defendants' Motion for Reconsideration and allowing the amended complaint to remain with the Retaliation claim.

### CONCLUSION

The plaintiff respectfully requests the court deny the defendants' Motion to Reconsider and overrule the defendants' objection to the plaintiff's Motion to Amend her complaint.

THE PLAINTIFF
LYNN BALDONI

BY: _____
Erin I. O'Neil
Brewer & O'Neil
Federal Bar #ct 23073
818 Farmington Avenue
West Hartford, CT 06119
(860)523-4055

## CERTIFICATION

This is to certify that the foregoing was mailed postage prepaid to all counsel and pro se

parties of record on March 23, 2004:

James M. Sconzo, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Trina Solecki, Esq.
City Attorney
City of Middletown
P O Box 1300
245 DeKoven Street
Middetown, CT 06457

Erin I. O'Neil