UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN BALDONI, | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:01CV2205 (PCD) |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF MIDDLETOWN, | : | |
| CHIEF OF POLICE, J. EDWARD BRYMER, | : | |
| AND DOMENIQUE S. THORTON, | : | |
| DEFENDANTS | : | NOVEMBER 2, 2004 |

**MOTION TO REOPEN JUDGMENT**
**MOTION FOR CONTEMPT OF CONSENT ORDER**

On April 27, 2004, the United States District Court, District of Connecticut granted a stipulated order stating that the parties agreed to settle the present case for $24,900 and that the plaintiff, Captain Baldoni, would be promoted to Deputy Chief effective July 1, 2004.  A consent order dated April 27, 2004, was entered and the Court signed the Consent Order on May 5, 2004.   The plaintiff has been made Deputy Chief of the Middletown police Department in accordance with the Consent Order, but the defendants refuse to make the payment of $24,900 to the plaintiff.  The plaintiff now seeks relief from the court and moves that the court reopen the present case and enforce the Consent Order, as the defendants are in contempt as they refuse to comply with the Consent Order.

**I. FACTS RELEVANT TO THE PRESENT MOTION**

On November 21, 2001, Captain Baldoni filed a lawsuit against the City of Middletown, Chief of Police and Mayor Domenique Thorton after incidents of harassment and discrimination and later for retaliation.  The United States District Court, District of Connecticut ordered a

Judgment of $24,900 and that Captain Baldoni be promoted to Deputy Chief effective July 1, 2004. A consent order dated April 27, 2004, was entered and the Court signed the Consent Order on May 5, 2004.

The Consent Order ordered the following:

> The Court hereby orders that judgment may enter in favor of the plaintiff according to the following terms and conditions: (1) The plaintiff will be appointed to the position of Deputy Chief for the City of Middletown Police Department as of July 1, 2004. (2) The parties will be responsible for their own respective attorneys' fees and costs in connection with the lawsuit, and notwithstanding any provision of this Order to the contrary, the plaintiff shall not be considered a prevailing or successful party and she is responsible for her own attorneys' fees and costs. (3) The entry of this Order does not in any way constitute any finding of liability, wrongdoing or violation of any law, statute, regulation, agreement or policy by the City of Middletown, Domenique Thornton, or J. Edward Brymer. (4)The plaintiff shall dismiss all claims made against J. Edward Brymer and Domenique Thornton. (5) By July 1, 2004, the City or its insurer (or the Guarantee Association) shall pay to the plaintiff twenty-four thousand nine hundred dollars ($24,900.00). (6) The plaintiff, her family, or any entity who may claim any right through her, is prohibited from filing, commencing or maintaining any other action, complaint, charge, grievance, arbitration or other proceeding against the City, its officers, officials, or employees, relating to any matters that were raised in this civil action or which relate to the plaintiff's appointment to Chief Deputy pursuant to his Order. (7) The City and the plaintiff shall enter into a contract setting forth the plaintiff's terms and conditions of employment as Deputy Chief. (8) The plaintiff shall provide to the City and its officers, officials and employees a release of all claims which were or could have been raised in this lawsuit or which in any relate to the plaintiff's employment with the City.

Numerous articles appeared in the newspapers citing the Common Council's objections and derogatory comments regarding the Settlement. The City Council refused to approve the Consent Order. On May 11, 2004, Police Captain Baldoni filed a second lawsuit with claims against the City of Middletown and the City of Middletown Common Council, both in their

official and individual capacities. This lawsuit is based on different facts than the lawsuit filed in 2001 and concerns the Common Council, not the police department, nor the Mayor of Middletown as in the first action. During an Order to Show Cause hearing, that took place on May 26, 2004, the Court held that the plaintiff was not in contempt of the Consent Order by filing the second lawsuit because of the terms of the Order. Additionally, the Court refused to order the second lawsuit to be dismissed because the second lawsuit contained issues that arose after the Consent Order was signed.

## II.     LEGAL ARGUMENT

Fed. Civ. P. Rule 16(g)(1) provides for Sanctions against counsel: "It shall be the duty of counsel to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel who disobey an order of the Court or intentionally obstruct the effective and efficient administration of justice."

The defendants have disobeyed a court order by failing to fulfill the obligations of the consent order completely in that the defendants have promoted the plaintiff to Deputy Chief but have not made payment to the plaintiff in the amount of $24,900. The defendants are in contempt of the court in that they have disobeyed the agreed upon consent order. Therefore, the plaintiff respectfully requests that the court reopen the present case and enforce the consent order, specifically order the defendants to make payment of $24,900 to the plaintiff immediately. Further, the plaintiff requests that the court sanction the defendants for intentionally disobeying the court's consent order of May 5, 2004.

                                                PLAINTIFF,
                                                LYNN BALDONI

BY _____

Erin I. O'Neil
818 Farmington Avenue
West Hartford, CT  06119
(860) 523-4055
Fed. ct# 23073
erinoneilbaker@hotmail.com

## CERTIFICATION

This is to certify that the foregoing was mailed postage prepaid to all counsel and pro se parties of record on November 2, 2004:

James M. Sconzo
Kristi Mackin
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Trina Solecki, Esq.
City Attorney
City of Middletown
P O Box 1300
245 DeKoven Street
Middetown, CT 06457

Clerk
United States District Court
141 Church Street
New Haven, CT 06510

Erin I. O'Neil