# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN BALDONI; | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:01CV2205 (PCD) |
| VS. | : | |
| | : | |
| THE CITY OF MIDDLETOWN; | : | |
| J. EDWARD BRYMER; | : | November 24, 2004 |
| DOMENIQUE S. THORNTON; | : | |
|     Defendants | : | |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REOPEN JUDGMENT AND FOR CONTEMPT OF CONSENT ORDER, AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR ENFORCEMENT OF CONSENT ORDER AND FOR SANCTIONS

Pursuant to the Federal Rules of Civil Procedure, D. Conn. L. Civ. R. 7(a), and the Supplemental Order regarding Motion Filing Procedure Before Judge Dorsey, the undersigned Defendants, the City of Middletown, J. Edward Brymer and Domenique S. Thornton (hereinafter "Defendants"), respectfully submit the following memorandum in opposition to Plaintiff's Motions to Reopen Judgment and for Contempt of Consent Order, and in support of, Defendants' Cross-Motion for Enforcement of Consent Order and for Sanctions.[1]

---

[1]/     The Supplemental Order regarding Motion Filing Procedure Before Judge Dorsey requires that certain motions and supporting memoranda shall first be served on the opposing party, and that the opposing party shall, within twenty-one (21) days, serve on the moving party an original of any memorandum in opposition so that the moving party may file with the Court all relevant motion and opposition papers. The Supplemental Order's motion

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103  

HALLORAN  
& SAGE LLP  

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, Lynn Baldoni, was hired by the City of Middletown ("the City") in approximately October 1983, as a police officer for the City of Middletown Police Department. (Amended Complaint, ¶ 4.) As of 1999, she had attained the rank of Captain. In November 2001, Plaintiff commenced the present civil action ("Baldoni I"), in which Plaintiff alleged that she had been subjected to sex discrimination and retaliation in violation of the United States Constitution, federal and state laws. In support of these claims, Plaintiff alleged that she was: transferred to a less prestigious division, denied a "take-home" car, excluded from a command staff meeting, not promoted to Deputy Chief while a less senior male was promoted, and subjected to a hostile/retaliatory work environment because of prior complaints of harassment made by Plaintiff in 1993 and 1997. (See Amended Complaint.)

Prior to the trial of Baldoni I, which was scheduled to begin in April 2004, the parties agreed to settle the case. On March 26, 2004, the Court held an on-the-record hearing during which the material terms of the agreement were recited and approved by the Court. The Court then instructed the parties that after the agreement was "so-ordered," the Court would "retain jurisdiction so that either party may come back to the court and reopen the matter solely for the purpose of enforcing the agreement." (See

---

filing procedure applies to Plaintiff's Motion to Reopen Judgment and Motion For Contempt of Consent Order and Defendants Cross-Motion for Enforcement of Consent Order and for Sanctions. As Plaintiff has already filed her original motion papers with the court, in violation of the Supplemental Order, Defendants have filed this memorandum in opposition with the Court. To comply with the Supplemental Order, Defendants have served originals of their motion papers and memorandum on Plaintiff as well.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Transcript of On the Record Settlement, dated March 26, 2004, pp. 2-7, copy attached at **Exhibit 1**.)

On May 5, 2004, the Court entered the agreement as a Consent Order, which in relevant part, states:

1. The plaintiff will be appointed to the position of Deputy Chief for the City of Middletown Police Department as of July 1, 2004. …

5. By July 1, 2004, the City or its insurer (or the Guarantee Association) shall pay to the plaintiff twenty-four thousand nine hundred dollars ($24,900.00).

6. The plaintiff, her family, or any entity who may claim any right through her, is prohibited from filing, commencing or maintaining any other action, complaint, charge, grievance, arbitration or other proceeding against the City, its officers, officials, or employees, relating to any matters that were raised or could have been raised in this civil action or which relate to the Plaintiff's appointment to Deputy Chief pursuant to this Order. …

8. The plaintiff shall provide to the City and its officers, officials and employees a release of all claims which were or could have been raised in this lawsuit or which in any way relate to the plaintiff's employment with the City.

(Consent Order, copy attached at Exhibit 2.)

On May 11, 2004, just five days after the Court entered the Consent Order resolving Baldoni I, Plaintiff commenced a second lawsuit ("Baldoni II"). Plaintiff alleged in the Baldoni II Complaint, that as of May 11, 2004, the City "refused to approve the [promotion to] Deputy Chief." (Complaint, ¶¶ 10-11.) Aside from this detail, the facts alleged in support of the claims of retaliation and discrimination in the Baldoni II Complaint are substantially the same as those alleged in Baldoni I.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiff's filing of the Baldoni II lawsuit, based on the same facts as Baldoni I, clearly violates Paragraph 6 of the Consent Order and the parties' express agreement. In further violation of the Consent Order, Plaintiff has failed to tender an acceptable release of claims, as required under Paragraph 8 of the Consent Order. In contrast to and despite Plaintiff's blatant non-compliance, effective July 1, 2004, the City promoted Plaintiff to the rank of Deputy Chief as called for in the parties' agreement. In addition, as of May 26, 2004, the City appropriated the funds to pay Plaintiff $24,900, as called for the parties' agreement. During the Show Cause Hearing, on May 26, 2004, Defendant represented that it was prepared to tender those funds once Plaintiff demonstrated compliance with the terms of the parties' agreement. Since that time, however, Plaintiff has failed to tender the required release and has not withdrawn the Baldoni II lawsuit. (See Transcript of Show Cause Hearing, dated May 26, 2004, pp. 5-11, copy attached at **Exhibit 3**.)

On November 2, 2004, in violation of the Supplemental Order regarding Motion Filing Procedure Before Judge Dorsey, without first serving Defendant, Plaintiff filed a Motion to Reopen Judgment and Motion for Contempt of Consent Order. In that Motion, Plaintiff asserts that Defendant's City Council refused to approve the agreement, and therefore, concludes that Defendant is in contempt of this Court's Consent Order. Such an accusation strains logic given that Plaintiff admits in her motion papers that she, in fact, has been promoted to Deputy Chief. In addition, Plaintiff is fully aware that the City is prepared to tender the settlement funds to Plaintiff as soon as she complies with the

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Consent Order. Defendant clearly has demonstrated substantial compliance with the Consent Order in all respects, while Plaintiff has utterly failed to live up to her end of the bargain, in complete defiance of this Court's orders.

## II. LEGAL ANALYSIS

### A. Plaintiff's Motions Should Be Denied For Failure to Comply With The Supplemental Order Regarding Motion Filing Procedure Before Judge Dorsey.

Matters before Judge Dorsey are governed by a Supplemental Order, which sets forth the required procedures for motion practice. Specifically, the Supplemental Order regarding Motion Filing Procedure Before Judge Dorsey requires that certain motions and supporting memoranda shall first be served on the opposing party, and that the opposing party shall, within twenty-one (21) days, serve on the moving party an original of any memorandum in opposition so that the moving party may file with the Court all relevant motion and opposition papers. The Supplemental Order's motion filing procedure applies to Plaintiff's Motion to Reopen Judgment and Motion For Contempt of Consent Order. As Plaintiff filed her motion and memorandum with the Court without first serving it on Defendant, Plaintiff has failed to comply with the Supplemental Order. Accordingly, the Court should deny Plaintiff's motion. See Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc., No. 3:03cv1110(PCD), 2003 WL 23152968 (D. Conn. Dec. 24 2003) (denying motion to vacate default).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### B. Plaintiff Has Failed To Demonstrate Just Cause To Reopen Judgment.

A motion to reopen after final judgment is entered is governed by Rule 60(b) of the Federal Rules of Civil Procedure. <u>Smith v. Muccino</u>, 223 F.Supp.2d 396, 400 (D. Conn. 2002). Rule 60(b) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud[,] misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). "A motion under Rule 60(b) ... is addressed to the sound discretion of the court that entered the judgment." <u>Smith</u>, 223 F.Supp.2d at 400.

Courts generally tend to exercise discretion "to grant a Rule 60(b) motion more readily when there has been no opportunity to resolve the case on its merits." <u>Home Box Office, Inc. v. Spectrum Electronics, Inc.</u>, 100 F.R.D. 379, 382 (E.D. Pa. 1983) (citing 7 J. Moore & J.D. Lucas, *Federal Practice* ¶ 60.19 at 235 (2d ed. 1983)). "However, this rule of thumb is primarily applicable to cases in which the suit has been dismissed for procedural errors or a default judgment has been entered without an appearance by the defendant." <u>Id.</u> "By contrast, courts are much more reluctant to grant a motion to reopen a judgment arrived at by consent of the parties." <u>Id.</u> Where the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

moving party has made a "free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost." Id.

Here, Plaintiff provides no evidence or information sufficient to justify reopening the judgment by consent previously agreed to by the parties. The only information provided by Plaintiff is an unsupported claim that "the defendants have disobeyed a court order by failing to fulfill the obligations of the consent order completely in that the defendants have promoted the plaintiff to Deputy Chief but have not made payment to the plaintiff in the amount of $24,900." (See Plaintiff's Motion to Reopen Motion for Contempt of Consent Order, at p. 3, emphasis added.) As an initial matter, Plaintiff offers no evidentiary support for this statement, and such failure is sufficient grounds to deny Plaintiff's motion. See Anderson v. Cryovac, 862 F.2d 910, 926 (1st Cir. 1988) (a moving party seeking to demonstrate misconduct must do so by clear and convincing evidence).

Moreover, Defendants have not disobeyed the Court's Consent Order, nor have they failed to fulfill their obligations as stated in that order. As Plaintiff states in her motion papers, "the defendants have promoted the plaintiff to Deputy Chief." It is undisputed that Defendants are in substantial compliance with the Consent Order. In addition, Defendants represented to this Court, on the record and in the presence of Plaintiff's Counsel, that as of May 26, 2004, Defendants allocated the settlement funds and were ready, willing and able to tender those funds once Plaintiff demonstrated

– 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

compliance with her own obligations under the Consent Order.  Since then, Plaintiff has not tendered an acceptable release of claims as required under the Consent Order, and also filed a second lawsuit, which is prohibited by the terms of the Consent Order.  Thus, Plaintiff has failed to comply with her end of the parties' agreement.  By contrast, Defendants have fully complied and await Plaintiff's fulfillment of the terms of the Consent Order.  Given Plaintiff's own blatant failure to comply with the terms of the Consent Order, her claim that Defendants should be held in contempt is dubious at best, and totally unjustified.

In addition, since courts are typically reluctant to reopen judgment by consent of the parties, to do so in this case would be a relatively extreme and unnecessary measure.  See Metlyn Realty Corp. v Esmark, Inc., 763 F.2d 826, (7th Cir.) (declining to reopen judgment by consent).  The parties have reached and consummated an agreement, which the Court entered as an order and final judgment.  Defendants have already substantially complied with the material terms and remain willing to tender the settlement funds upon Plaintiff's performance of her obligations.  Defendants therefore request that the Court deny Plaintiff's motion to reopen judgment.

Should the Court grant Plaintiff's motion, Defendants request that the Court order Plaintiff to comply with her obligations under the Consent Order by providing Defendants with a release of claims, as described in the Consent Order, and by withdrawing, with prejudice, her second lawsuit.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### C. Sanctions Should Not Be Issued Because Defendants Are Not In Contempt Of The Court's Consent Order.

Plaintiff states in her motion papers that, pursuant to Fed. R. Civ. Proc. 16(g)(1), sanctions should be issued against Defendants' Counsel. Although Plaintiff cites to Federal Rule 16(g)(1), the quoted language in her motion papers is actually from D. Conn. L. Civ. R. 16(g)(1), which affords the Court discretion to issue sanctions where counsel fails to comply with court orders pertaining status and settlement conferences. As the order in question here concerns the parties' settlement agreement and the Court's Consent Order entering judgment in favor of Plaintiff, both Federal Rule 16 and D. Conn. L. Civ. R. 16 are clearly inapplicable.

In addition, as discussed above, Defendants have not disobeyed the Court's Consent Order. Defendants have substantially complied, and remain willing to tender the settlement funds to Plaintiff, once Plaintiff has demonstrated her own compliance with the Consent Order.

### D. The Court Should Issue An Order Compelling Plaintiff To Comply With The Consent Order.

As described above, Plaintiff has failed to comply with any of the terms of the Consent Order. Plaintiff is required to provide Defendants with "a release of all claims which were or could have been raised in this lawsuit or which in any way relate to the plaintiff's employment with the City." Plaintiff also agreed that she would be barred from bringing any action "relating to any matters that were raised or could have been raised

– 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in this civil action or which relate to the Plaintiff's appointment to Deputy Chief." Since the Court entered the Consent Order on May 5, 2004, Plaintiff has failed to produce the required release and commenced the Baldoni II lawsuit seeking the exact same relief bargained for in the settlement of Baldoni I. Since Plaintiff's conduct clearly violates the explicit terms of the parties' settlement agreement and the Court's Consent Order, and the time for complying with those terms has long since passed, Defendants request that this Court order Plaintiff to comply with all the terms of that order.

> **E. The Court Should Order Sanctions Against Plaintiff And Her Counsel Because She Has Unnecessarily Delayed These Proceedings And Caused Needless Increase To The Cost Of This Litigation.**

The Court has discretion to issue sanctions in appropriate circumstances. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a court may, on its own initiative, enter an order imposing sanctions on an attorney or party who makes representations to the court for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," among other things. See Fed. R. Civ. P. 11(b), and 11 (c)(1)(B). In addition, if, after a party has been put on "notice and [had] a reasonable opportunity to respond, the court determines that [Rule 11] has been violated, the court … may impose an appropriate sanction." Fed. R. Civ. P. 11(c).

An order issuing sanctions against Plaintiff and her counsel is appropriate under the circumstances. Since this Court entered a Consent Order setting forth the parties'

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

agreement to settle the present matter, Plaintiff, through her attorneys, has engaged in a campaign of non-compliance with that order, by failing to tender an acceptable release and initiating a second lawsuit, causing delay to the ultimate resolution of the case, and imposing excessive litigation costs on Defendants.  But for Plaintiff's actions, there would be no need for further court intervention at this point.  Were Plaintiff simply to perform her obligations under the Consent Order, Defendants would be able to tender the settlement funds, and the present matter would be closed.  Instead, nearly two months before the date for Defendants' compliance with the Consent Order, Plaintiff filed a second lawsuit alleging substantially the same claims, and requesting the exact relief as alleged in the lawsuit that had just been resolved by settlement.  So instead of moving on with their respective lives, Plaintiff's filing of the second lawsuit has entrenched the parties in a brand new, totally unnecessary and meritless litigation.  The parties discussed the merits of Plaintiff's second lawsuit during a show cause hearing held on May 26, 2004.  At that time, Defendants represented to the Court and Plaintiff's Counsel that the promotion to Deputy Chief, which Plaintiff sought in her original lawsuit and the second lawsuit, was set to occur on schedule as agreed.  Defendants further represented that the settlement funds had been approved and allocated by the City Council.  Given these representations, there was no logical basis for Plaintiff to maintain the second lawsuit.  As Judge Dorsey observed during the hearing, Plaintiff's filing of the second lawsuit was "somewhat premature" and to the extent Plaintiff sought the same relief as in her first lawsuit, "was unnecessary." (See Transcript of Show Cause

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Hearing, at p. 16, May 26, 2004.)  At the Show Cause Hearing, Defendants further expressed their concerns regarding Plaintiff's second lawsuit as impeding the settlement and requested that Plaintiff withdraw the lawsuit, without prejudice, and further tender the release required in the Consent Order.  Doing so would have brought Plaintiff into compliance with the Consent Order and hastened the final resolution of this matter.  Instead, Plaintiff has refused to take any action with respect to either requirement.  Plaintiff's refusal to comply with the Court's Consent Order, by failing to provide a release to Defendants and filing a second lawsuit has caused undue delay to the resolution of this matter and imposed needless additional costs to this and the second litigation.  Accordingly, this Court should enter an order issuing sanctions against Plaintiff's Counsel.

### III.   CONCLUSION

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion to Reopen Judgment and Motion for Contempt of Consent Order, and further request that the Court grant Defendants' Cross-Motions seeking an Order compelling Plaintiff to comply with the Consent Order and for sanctions against Plaintiff.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

        DEFENDANTS,
        CITY OF MIDDLETOWN;
        J. EDWARD BRYMER;
        DOMENIQUE S. THORTON


    BY: _____
      James M. Sconzo
      Fed. Bar No. ct 04571
      Michael G. Petrie
      Fed. Bar No. ct 22789
      HALLORAN & SAGE LLP
      One Goodwin Square
      Hartford, CT  06103
      Tele: (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

  This is to certify that on this 24th day of November, 2004, I hereby mailed a copy of the foregoing to:

Erin I. O'Neil, Esq.
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119

Trina A. Solecki, Esq.
City Attorney
City of Middletown
PO Box 1300
245 DeKoven Street
Middletown, CT 06457

Norman A. Pattis, Esquire
Williams and Pattis, LLC
51 Elm Street
Suite 409
New Haven, CT 06510

                _____
                Michael G. Petrie

621060_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105